IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHOENIX PAYMENT SYSTEMS, INC.<br>d/b/a ELECTRONIC PAYMENT<br>EXCHANGE,<br><br>       Plaintiff,<br><br>   v.<br><br>LEXCEL, INC. and LEXCEL<br>SOLUTIONS, INC.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No.<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Phoenix Payment Systems, Inc. doing business as Electronic Payment Exchange ("EPX") files this complaint against Defendants Lexcel, Inc. and Lexcel Solutions, Inc. (collectively "Lexcel"), and avers as follows:

## PARTIES

1.     Plaintiff Phoenix Payment Systems, Inc., doing business as Electronic Payment Exchange ("EPX") is a corporation organized under the laws of the State of Delaware with its principal place of business at 650 Naamans Road, Suite 302, Wilmington, Delaware 19703.

2.     On information and belief, Defendant Lexcel, Inc. is a corporation organized under the laws of the State of Arizona with its principal place of business at 4110 N. Scottsdale Road, Suite 360, Scottsdale, Arizona 85251.

3.     On information and belief, Defendant Lexcel Solutions, Inc. is a corporation organized under the laws of the State of Arizona with its principal place of business at 4110 N. Scottsdale Road, Suite 360, Scottsdale, Arizona 85251.

4.    Lexcel Solutions, Inc. and Lexcel, Inc. ("Lexcel") are alter egos of each other and for legal purposes relevant hereto may be treated as the same corporation.

## JURISDICTION AND VENUE

5.    This is an action for violations of the Lanham Act, 15 U.S.C. §1125(a), and state tort law, as well as for declaratory relief of copyright non-infringement arising under the Copyright Act of the United States, 15 U.S.C. § 101 et seq.  The Court has subject-matter jurisdiction of this action pursuant to the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202),  28 U.S.C. §§ 1331, 1338(a), 1367, and 1332.

6.    This action seeks relief under federal and state laws that prohibit deceptive business practices, unfair competition, and defamation as well as a declaration that EPX has not infringed purported copyrights purported to be owned by Lexcel.

7.    On information and belief, Lexcel has continuous and systematic contacts with the State of Delaware including one or more longstanding bank customers located in the State of Delaware.

8.    Lexcel has purposely availed itself of the privileges and benefits of the State of Delaware by, inter alia, sending defamatory, false, and injurious letters into the state to employees of EPX residing in Delware and to one or more of EPX's Delaware business partners. These letters were sent with the express purpose of harming EPX, interfering with one or more of EPX's Delaware contracts, and harming EPX's business relationships in the state of Delaware with one or more of EPX's Delaware business partners.

9.    Lexcel has caused and continues to cause injury to EPX in the State of Delaware.

10.    This Court has personal jurisdiction over Lexcel pursuant to DEL. CODE ANN. tit. 10, § 3104(c).

11.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1391(c).

12.     An actual case or controversy has arisen between the parties based on Lexcel's false assertions that EPX has infringed and is infringing alleged copyrights of Lexcel's, allegedly in violation of the Copyright Laws of the United States.

## FACTUAL BACKGROUND

13.     EPX was formed in 2004 and is a privately held company that processes credit and debit card transactions for merchants.

14.     In order for EPX to establish direct relationships with "Associations" such as Visa and MasterCard, a sponsoring bank is required.  Direct relationships are necessary for EPX to remain competitive in its market.

15.     The Bancorp Bank ("Bancorp") is a corporation organized under the laws of the State of Delaware with its principal place of business at 405 Silverside Road, Suite 105, Wilmington, Delaware 19809.

16.     Bancorp has contracted with EPX to become EPX's Sponsoring Bank.

17.     Bancorp also has contracted with EPX for EPX to provide Bancorp's customers with credit card processing services.

18.     Bancorp also has contracted with EPX for EPX to be an Independent Sales Organization ("ISO") of Bancorp, which allows EPX to market Bancorp's services and allows EPX to process transactions through Bancorp.

19.     To provide credit card and debit card processing services to EPX's merchant customers, EPX contracts with the merchant and Bancorp.

20.     Lexcel is aware of EPX's relationship with Bancorp and entered into a scheme to harm it to put pressure on EPX to pay Lexcel money to stop the harassment of EPX and Bancorp.

## Accusation of Copyright Infringement

21.    On May 17, 2007, Lexcel, through its counsel, sent EPX a letter falsely accusing it of infringing certain purported copyrights of Lexcel's. (A true and correct copy is attached hereto as Exhibit A). On July 25, 2007, Lexcel sent a second letter to EPX making similar false accusations. (A true and correct copy without attachments is attached hereto as Exhibit B).

22.    Lexcel did not have a good-faith belief that the accusations of copyright infringement had merit in fact or in law. To the contrary, Lexcel knew that it did not have any copyright ownership interest in, or rights to, software being used by EPX. Indeed, Lexcel's accusations were based on a deliberate misrepresentation of the applicable law and facts.

23.    On May 24, 2007, Lexcel, through its counsel, sent Bancorp a letter accusing Bancorp of infringing Lexcel's copyrights. (A true and correct copy is attached hereto as Exhibit C). The letter was sent to Bancorp in the State of Delaware. On July 25, 2007, Lexcel sent Bancorp a second letter again accusing Bancorp of alleged infringement of Lexcel's alleged copyrights. (A true and correct copy without attachments is attached hereto as Exhibit D).

24.    Lexcel did not have a good-faith belief that the accusations of copyright infringement by Bancorp had any merit in fact or in law. To the contrary, Lexcel had no reason to know what software was being used by Bancorp, much less that "use" of such software would be in violation of any purported rights of Lexcel under the Copyright Act. Indeed, Lexcel's accusations were based on a deliberate misrepresentation of the applicable law and facts.

25.    On May 24, 2007, Lexcel, through its counsel, sent EPX's Chief Operations Officer, Matt Ornce ("Ornce"), a letter falsely accusing EPX of infringing Lexcel's copyrights. (A true and correct copy without attachments is attached hereto as Exhibit E). The letter was sent to Ornce in the State of Delaware.

26.     On May 24, 2007, Lexcel, through its counsel, sent EPX's Chief Financial Officer, Nancy Reilly ("Reilly"), a letter falsely accusing EPX of infringing Lexcel's copyrights. (A true and correct copy without attachments is attached hereto as Exhibit F).

27.     EPX does not infringe, induce infringement of, or contribute to the infringement of any valid copyrights of Lexcel's.

28.     EPX has not infringed, induced infringement of, or contributed to the infringement of any valid copyrights of Lexcel's.

29.     Bancorp does not infringe, induce others to infringe, or contribute toward the infringement of any valid copyright owned by Lexcel.

30.     Bancorp has not infringed, induced others to infringe, or contributed toward the infringement of any valid copyright owned by Lexcel.

31.     At the time Lexcel made its claim of copyright infringement against EPX and Bancorp, Lexcel knew or should have known that EPX did not infringe Lexcel's copyrights.

32.     Lexcel made the claim of copyright infringement in bad faith and for the purpose of interfering with EPX's existing and prospective relationships with Bancorp and EPX's existing and prospective relationships with Associations.

33.     Aside from being false, Lexcel's accusations of infringement against EPX and Bancorp are vague, impossible to understand, and designed to harass and harm EPX and its relationship with Bancorp. Yet Lexcel has not sued EPX, despite the fact that it has known whatever "facts" that it claims justify its false accustions for many years. Accordingly, EPX is in the untenable position of having its ongoing operations being called into question and defamed in EPX's market, while there is nothing that EPX can do to resolve the cloud on EPX's operations and to stop the threats from Lexcel without this Court's intervention.

## COUNT I:

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COPYRIGHT

34.     EPX incorporates by reference the allegations contained in the paragraphs above as if same were more fully set forth herein.

35.     Lexcel has claimed that EPX has infringed its purported registered copyrights (Reg. Nos. TX5-462-975, TX5-462-976, TX5-462-977, TX5-462-978, and TX5-509-439).

36.     By virtue of Lexcel's actions against EPX and Bancorp, EPX is at risk of suffering an actual or threatened serious injury in its business. Lexcel's actions give rise to a case of actual, present, and justiciable controversy between EPX and Lexcel within the jurisdiction of the Court, pursuant to 28 U.S.C. §§ 2201 and 2202.

37.     EPX does not infringe, induce others to infringe, or contribute toward the infringement of any valid copyright owned by Lexcel.

38.     Bancorp does not infringe, induce others to infringe, or contribute toward the infringement of any valid copyright owned by Lexcel.

39.     EPX does not violate Lexcel's alleged rights under the Copyright Laws, or any other federal or state, statute, or common laws.

40.     Lexcel has suffered no damages as a result of EPX's alleged violations.

41.     EPX seeks declaratory judgment from this Court that it is not infringing and has not infringed any valid copyright owned by Lexcel.

42.     EPX seeks attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT II:

## UNFAIR COMPETITION: VIOLATION OF SECTION 43 OF LANHAM ACT

43.     EPX incorporates by reference the allegations contained the paragraphs above as if same were more fully set forth herein.

44.     Lexcel sent letters to Bancorp falsely accusing EPX of infringing purported copyrights purported to be owned by Lexcel.

45.     Lexcel knows or should have known that its statements to Bancorp were false and misleading.

46.     Lexcel knows and has known that Bancorp is EPX's Sponsoring Bank, that EPX is an ISO of Bancorp, that EPX contracted with Bancorp for EPX to provide processing services to Bancorp's customers, and that EPX contracts with merchants and Bancorp to provide credit card and debit card processing services to EPX's merchants.

47.     Lexcel knew or should have known that EPX's relationships with Bancorp are essential and necessary for EPX to participate in the marketplace and survive as a business.

48.     Lexcel's false and misleading statements in the marketplace that EPX and/or Bancorp are infringing Lexcel's copyrights are intended to deceive, and are likely to deceive, a substantial segment of the intended audience.

49.     Lexcel's deception is material in that it is likely to influence decisions relating to EPX in interstate commerce.

50.     EPX is likely to be injured by Lexcel's false and misleading statements.

## COUNT III:

### DECEPTIVE TRADE PRACTICES:
### VIOLATION OF DEL. CODE ANN. tit. 6, § 2531, et seq.

51.     EPX incorporates by reference the allegations contained the paragraphs above as if same were more fully set forth herein.

52.     Lexcel sent letters to EPX, Bancorp, Ornce, and Reilly falsely accusing EPX of infringing copyrights purported to be owned by Lexcel.

53.    Lexcel disparaged the services and/or business of EPX by false and misleading representations of fact in violation of the Uniform Deceptive Trade Practices Act, DEL. CODE ANN. tit. 6, § 2531, et seq.

54.    Lexcel made these false and misleading representations of fact in the course of business.

55.    Lexcel made multiple false and misleading representations of fact by sending letters to EPX, Bancorp, Ornce, and Reilly accusing EPX and/or Bancorp of copyright infringement.  Lexcel's behavior constitutes a pattern of deceptive conduct.

56.    On information and belief, Lexcel continues to make or will make false and misleading representations of fact about EPX.

57.    EPX continues to be damaged by Lexcel's false and misleading statements of fact.

58.    On information and belief, Lexcel knew or should have known its conduct was prohibited and made the false and misleading representations of fact in willful violation of DEL. CODE ANN. tit. 6, § 2531, et seq.

## COUNT IV:

## BUSINESS DEFAMATION

59.    EPX incorporates by reference the allegations contained the paragraphs above as if same were more fully set forth herein.

60.    Lexcel sent letters to Bancorp, Ornce, and Reilly falsely accusing EPX of infringing copyrights purported to be owned by Lexcel.

61.    The letters Lexcel sent falsely discredit the method by which EPX does business.

62.    Bancorp, Ornce, and Reilly understood the defamatory character of the letters sent by Lexcel.

63.    As a result of the false statements, EPX suffered an injury in an amount in excess of $75,000, exclusive of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, EPX prays for the following:

64.    A judgment and declaration that EPX and Bancorp do not violate any of rights of Lexcel under the Copyright Act.

65.    An injunction against Lexcel, their affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with Lexcel from charging infringement or instituting any legal action for infringement of Lexcel's purported copyrights against anyone acting in privity with EPX or Bancorp, including the divisions, successors, assign, agents, contractors, customers and merchants of EPX and Bancorp.

66.    An injunction against Lexcel, their affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with Lexcel from falsely accusing EPX or Bancorp of infringing Lexcel's purported copyrights.

67.    An award of damages to EPX adequate to compensate EPX for actual injuries sustained as a result of Lexcel's actions.

68.    An award of treble damages to EPX pursuant to 15 U.S.C. § 1117(a) and/or DEL. CODE ANN. tit. 6, § 2533(c).

69.    An award of punitive damages to EPX.

70.    A judgment and declaration that this is an exceptional case within the meaning of DEL. CODE ANN. tit. 6, § 2533, and award reasonable attorneys' fees and costs to EPX.

71.    Costs and attorneys' fees pursuant to 17 U.S.C. § 505.

72.    A judgment for such other and further relief in law or in equity as this Court deems just or proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jheaney@mnat.com
*Attorneys for Plaintiff Phoenix Payment Systems,*
*Inc. d/b/a Electronic Payment Exchange*

OF COUNSEL:

David J. Wolfsohn
Steven B. Samuels
Jordan L. Jonas
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
(215) 568-3100

September 7, 2007

# EXHIBIT A



George C. Chen
REGISTERED PATENT ATTORNEY
Direct: 602-364-7367
gcchen@bryancave.com

May 17, 2007

Bryan Cave LLP
One Renaissance Square
Two North Central Avenue
Suite 2200
Phoenix, AZ 85004-4406
Tel (602) 364-7000
Fax (602) 364-7070
www.bryancave.com

**VIA FEDERAL EXPRESS NEXT DAY DELIVERY**

Director of Operations
Phoenix Payment Systems, Inc.
3300 N. Central Ave., #1100
Phoenix, Arizona  85012

Chicago
Hong Kong
Irvine
Jefferson City
Kansas City
Kuwait
Los Angeles
New York
Phoenix
Shanghai
St. Louis
Washington, DC

*And Bryan Cave,
A Multinational Partnership,*

London

  Re: *Merchant Transaction Systems, Inc. v. Nelcela, Inc., et al.*

Dear Sir/Madam:

  Our client, Lexcel, Inc. ("Lexcel"), owns registered copyrights in various components of credit card processing software ("the Lexcel Software"), including: U.S. Copyright Reg. No. TX5-462-976 for Lexcel's Merchant system; U.S. Copyright Reg. No. TX5-509-439 for Lexcel's Database Architecture; U.S. Copyright Reg. No. TX5-462-975 for Lexcel's Authorization-VISA system; U.S. Copyright Reg. No. TX5-462-978 for Lexcel's Authorization/TYSTEDIT.C/TYSEDIT.H system; and U.S. Copyright Reg. No. TX5-462-977 for Lexcel's Card Production system.

  As you presumably know, Lexcel's copyrighted credit card processing software has been the subject of litigation involving Electronic Payment Exchange's Director of Technology, Alec Dollarhide, in the United States District Court for the District of Arizona.  On September 30, 2006, United States District Judge Mary H. Murguia ruled that the so-called "Nelcela Merchant System" and "Nelcela Authorization System" (collectively "the Nelcela Software") are substantially similar to the Lexcel software beyond the possibility of random chance and that copying took place between the softwares.  Afterwards, the matter proceeded to trial, and on April 25, 2007, a jury unanimously decided that Lexcel is the owner of the software.  (A certified copy of the Verdict Form is enclosed.)

  Upon information and belief, we understand that Electronic Payment Exchange ("EPX") and Phoenix Payment Systems, Inc. ("PPS") are currently using the Nelcela Software, which, as explained above, a court has found to be owned by Lexcel. Lexcel has never authorized EPX or PPS to use the Lexcel Software or any software derived from the Lexcel software.  Accordingly, EPX's and PPS' use of the Necela Software or any other software derived from the Lexcel software would amount to copyright infringement of the Lexcel Software.  *See* 17 U.S.C. §§ 106, 501.

Director of Operations
May 17, 2007
Page 2

Bryan Cave LLP

Lexcel demands that EPX and PPS **immediately** cease and desist from any and all
use of the Nelcela Software, any software derived from the Nelcela Software, and
any software derived from the Lexcel software.   Lexcel further demands full
compensation for any past or present use of the Nelcela Software or any software
derived from the Lexcel software.

Sincerely,

George C. Chen

GCC/da

Enclosure
578951

<table>
<tr><td>FILED</td><td>X</td><td>LODGED</td></tr>
<tr><td>RECEIVED</td><td></td><td>COPY</td></tr>
</table>

APR 2 5 2007

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Merchant Transaction Systems, Inc., | ) | No. CIV 02-1954-PHX-MHM |
| Plaintiff, | ) | **VERDICT FORM** |
| vs. | ) | |
| Nelcela, Inc., et al, | ) | |
| Defendants. | ) | |
| | ) | |
| And Related Counterclaims and Cross-Claims and Third-Party Claims | ) | |

Please check which one applies:

✓ Based on the evidence presented at trial, we, the jury, find that Lexcel, Inc., is the owner of the "authorization system" at issue in this case.

-OR-

_____ Based on the evidence presented at trial, we, the jury, find that Nelcela, Inc., is the owner of the "authorization system" at issue in this case.

_____

Please check which one applies:

✓ Based on the evidence presented at trial, we, the jury, find that Lexcel, Inc., is the owner of the "merchant system" at issue in this case.

-OR-

_____ Based on the evidence presented at trial, we, the jury, find that Nelcela, Inc., is the owner of the "merchant system" at issue in this case.

_____

1

2    Please check which one applies:

3    _____✓_____ Based on the evidence presented at trial, we, the jury, find that Lexcel, Inc., has met its burden in establishing ownership over the "database component or system" of the

4    Lexcel software, which is the subject of United States copyright registration No. TX 5-509-439 entitled "Database Architecture."

5

                    -OR-

6

7    _____ Based on the evidence presented at trial, we, the jury, find that Lexcel, Inc., has not met its burden in establishing ownership over the "database component or system" of the Lexcel software, which is the subject of United States copyright registration No. TX 5-509-

8    439 entitled "Database Architecture."

9

10

11

12    _Lynette K. Spring_____             _4/24/07_____

13    Presiding Juror                                  Date

14

15

16

17

18

19

20

21

22

23    I hereby attest and certify on _4-26-07_

    that the foregoing document is a full, true and correct

24    copy of the original on file in my office and in my cus-

    tody.

25    CLERK, U.S. DISTRICT COURT

    DISTRICT OF ARIZONA

26    by_____ Deputy

27

28

                     - 2 -

# EXHIBIT B



George C. Chen
REGISTERED PATENT ATTORNEY
Voice: (602) 364-7367
gcchen@bryancave.com

July 25, 2007

Bryan Cave LLP

One Renaissance Square

Two North Central Avenue

Suite 2200

Phoenix, AZ 85004-4406

Tel (602) 364-7000

Fax (602) 364-7070

www.bryancave.com

**VIA FEDEX OVERNIGHT DELIVERY**

Ward Breeze
Gunderson Dettmer
220 West 42nd Street
20th Floor
New York, NY 10036

Chicago

Hong Kong

Irvine

Jefferson City

Kansas City

Kuwait

Los Angeles

New York

Phoenix

Riyadh

Shanghai

St. Louis

United Arab Emirates (Dubai)

Washington, DC


And Bryan Cave,
A Multinational Partnership,

London

Re: *Merchant Transaction Systems, Inc. v. Nelcela, Inc., et al.*

Dear Mr. Breeze:

We are glad to hear both that Phoenix Payment Systems, Inc. dba Electronic Payment Exchange ("EPX") respects the intellectual property rights of others, and that EPX is investigating the circumstances set forth in my letter of May 17, 2007.

We would like to work with you and EPX to facilitate a thorough investigation of whether or not EPX uses or has used computer software derived from software owned by our client, Lexcel, Inc. Accordingly, we suggest that EPX consider the following information as part of its investigation:

1.     Lexcel, Inc. created its credit card processing software in 1994/1995 pursuant to a contract with Credit Card Services, Ltd. ("CCS") which vested Lexcel with ownership of the credit card processing software. (Ex. 1)

2.     Lexcel owns five U.S. Copyright Registrations in for the credit card processing software it created for CCS. (Ex. 2) As we explained in my initial letter dated May 24, 2007 to your client, a federal jury recently confirmed the validity of those registrations.

3.     In 1995, Alec Dollarhide, EPX's current Director of Technology, worked for CCS. As part of its agreement with CCS, Lexcel provided a copy of the source code for the Lexcel credit card processing software on floppy disks to Alec Dollarhide for delivery to CCS. In September 2004, those floppy disks were in the possession of Mr. Dollarhide and his company, Nelcela, Inc. (Ex. 3)

Ward Breeze
July 25, 2007
Page 2

4.    On April 24, 2007, a federal jury unanimously determined that the Nelcela Merchant System and the Nelcela Authorization System credit card processing software were derived from the Lexcel credit card processing software such that Lexcel is the owner of the so-called Nelcela software. (See Verdict Form attached to my original letter of May 17, 2007.)

5.    Evidently, from 2001 through 2003, EPX's Arizona operations were located in the headquarters of Nelcela: 7500 E. Pinnacle Peak Road, Building H221, Scottsdale, Arizona 85255.

6.    When Nelcela produced its source code in the *Merchant Transaction Systems v. Nelcela* lawsuit ("the MTSI Suit"), Nelcela documentation showed the source code coming from a subdirectory labeled "EPX." (Ex. 4)

7.    Nelcela averred in its lawsuit against InterCept, Inc. d/b/a InterCept Payment Solutions ("IPS"), *et al.* ("the InterCept Suit") that Nelcela licensed the so-called Nelcela software to EPX. (See Ex. 5, ¶ 14)

8.    Raymond Moyer, EPX's CEO, testified in the MTSI Suit that Alec Mr. Dollarhide and Nelcela worked on the creation of EPX's credit card processing software. (Ex. 6, pp.19-21)

9.    Mr. Dollarhide testified in the MTSI Suit that Nelcela provided its back-end credit card processing software to IPS in 2002. (Ex. 7, p. 123)

10.    Mr. Dollarhide and Nelcela averred in a proposed license agreement in 2003 that both EPX and IPS used the so-called Nelcela Merchant System and Nelcela Authorization System computer software. (Ex. 8)

11.    Raymond Moyer testified that, as part of his settlement with IPS, EPX received the "EPX Platform," i.e., the EPX credit card processing software that Dollarhide worked on for EPX. (Ex. 6, pp. 13-14)

These paragraphs summarize only some of the evidence we have gathered that indicates that EPX has used, and likely is still using, credit card processing software derived without permission from the Lexcel software. Mr. Dollarhide and Nelcela marketed the software under various names and iterations, and under the false claim that Dollarhide and Nelcela own valid copyrights in the software.

Expert examination of the source code for the software used by EPX is necessary in order to resolve this issue. The relevant source code includes the source code used by EPX at any time since 2001 to perform any credit card processing functions such as authorizations, merchant clearing and settlement, internet gateway, switching, etc. We are willing to have the inspection conducted by an independent analyst, under conditions that preserve any trade secrets EPX may have in the software. With EPX's cooperation, we can hopefully resolve this matter with minimal burden to EPX. Absent such cooperation, however, Lexcel is prepared to protect its interests using the subpoena power of the Court.

Please ensure that EPX preserves all materials relating to the source code used by EPX and its predecessors (including IPS), including but not limited to all: (1) hardware (including hard drives)

Ward Breeze
July 25, 2007
Page 3

**Bryan Cave LLP**

and software used to process credit card transactions, including any and all versions of electronic and written copies of any computer source code used for the processing of credit card transactions; (2) electronic and written copies of any and all versions of computer source code or other materials received from Alec Dollarhide, Jac Dollarhide, Anthony Dollarhide, and/or Nelcela; and (3) all notes, e-mails, correspondence, and other documentation related to any of the above categories.

If we can be of further assistance to EPX in its investigation, please give me a call.

Sincerely,

George C. Chen

# EXHIBIT C



George C. Chen
REGISTERED PATENT ATTORNEY
Direct: 602-364-7367
gcchen@bryancave.com

May 24, 2007

**Bryan Cave LLP**

One Renaissance Square

Two North Central Avenue

Suite 2200

Phoenix, AZ 85004-4406

Tel (602) 364-7000

Fax (602) 364-7070

www.bryancave.com

## VIA FEDERAL EXPRESS NEXT DAY DELIVERY

Director of Operations
The Bancorp, Inc.
405 Silverside Road
Wilmington, Delaware 19809

Re:     *Merchant Transaction Systems, Inc. v. Nelcela, Inc., et al.*

Dear Sir/Madam:

Our client, Lexcel, Inc. ("Lexcel"), owns registered copyrights in various
components of credit card processing software ("the Lexcel Software"), including:
U.S. Copyright Reg. No. TX5-462-976 for Lexcel's Merchant System; U.S. Copyright
Reg. No. TX5-509-439 for Lexcel's Database Architecture; U.S. Copyright Reg. No.
TX5-462-975 for Lexcel's Authorization-VISA system; U.S. Copyright Reg. No.
TX5-462-978 for Lexcel's Authorization/TYSTEDIT.C/TYSEDIT.H system; and
U.S. Copyright Reg. No. TX5-462-977 for Lexcel's Card Production system.

As you may know, Lexcel's copyrighted credit card processing software has been the
subject of litigation involving Electronic Payment Exchange's Director of
Technology, Alec Dollarhide, in the United States District Court for the District of
Arizona. On September 30, 2006, United States District Judge Mary H. Murguia
ruled that the so-called "Nelcela Merchant System" and "Nelcela Authorization
System" (collectively "the Nelcela Software") are substantially similar to the Lexcel
software beyond the possibility of random chance and that copying took place
between the softwares. Afterwards, the matter proceeded to trial, and on April 25,
2007, a jury unanimously decided that Lexcel is the owner of the software. (A
certified copy of the Verdict Form is enclosed.)

Upon information and belief, we understand that The Bancorp, Inc. ("Bancorp") is
currently using the Nelcela Software, which, as explained above, a court has found to
be owned by Lexcel. Lexcel has never authorized Bancorp to use the Lexcel
Software or any software derived from the Lexcel software. Accordingly, Bancorp's
use of the Necela Software or any other software derived from the Lexcel software
would amount to copyright infringement of the Lexcel Software. *See* 17 U.S.C.
§§ 106, 501.

Chicago

Hong Kong

Irvine

Jefferson City

Kansas City

Kuwait

Los Angeles

New York

Phoenix

Shanghai

St. Louis

Washington, DC

*And Bryan Cave,
A Multinational Partnership,*

London

Director of Operations
May 24, 2007
Page 2

**Bryan Cave LLP**

Lexcel demands that Bancorp **immediately** cease and desist from any and all use of
the Nelcela Software, any software derived from the Nelcela Software, and any
software derived from the Lexcel software.    Lexcel further demands full
compensation for any past or present use of the Nelcela Software or any software
derived from the Lexcel software.

Sincerely,

George C. Chen

GCC/da

Enclosure
579738

```
  ☒ FILED        ___ LODGED
  ___ RECEIVED   ___ COPY

       APR 2 5 2007

  CLERK U S DISTRICT COURT
    DISTRICT OF ARIZONA
  BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Merchant Transaction Systems, Inc., | No. CIV 02-1954-PHX-MHM |
| Plaintiff, | **VERDICT FORM** |
| vs. | |
| Nelcela, Inc., et al, | |
| Defendants. | |

And Related Counterclaims and Cross-Claims and Third-Party Claims

Please check which one applies:

___✓___ Based on the evidence presented at trial, we, the jury, find that Lexcel, Inc., is the owner of the "authorization system" at issue in this case.

-OR-

_____ Based on the evidence presented at trial, we, the jury, find that Nelcela, Inc., is the owner of the "authorization system" at issue in this case.

_____

Please check which one applies:

___✓___ Based on the evidence presented at trial, we, the jury, find that Lexcel, Inc., is the owner of the "merchant system" at issue in this case.

-OR-

_____ Based on the evidence presented at trial, we, the jury, find that Nelcela, Inc., is the owner of the "merchant system" at issue in this case.

_____

1

2    Please check which one applies:

3        ✓    Based on the evidence presented at trial, we, the jury, find that Lexcel, Inc., has met its burden in establishing ownership over the "database component or system" of the

4    Lexcel software, which is the subject of United States copyright registration No. TX 5-509-439 entitled "Database Architecture."

5                           -OR-

6

7             Based on the evidence presented at trial, we, the jury, find that Lexcel, Inc., has not met its burden in establishing ownership over the "database component or system" of the

8    Lexcel software, which is the subject of United States copyright registration No. TX 5-509-439 entitled "Database Architecture."

9

10

11

12    _Lynette K. Spring_                      _4/24/07_

13    Presiding Juror                             Date

14

15

16

17

18

19

20

21

22

23                I hereby attest and certify on _4-26-07_

24                that the foregoing document is a full, true and correct copy of the original on file in my office and in my custody.

25

26                CLERK, U.S. DISTRICT COURT DISTRICT OF ARIZONA

27                by_____ Deputy

28

# EXHIBIT D



George C. Chen
REGISTERED PATENT ATTORNEY
Voice: (602) 364-7367
gcchen@bryancave.com

Bryan Cave LLP

One Renaissance Square

Two North Central Avenue

Suite 2200

Phoenix, AZ 85004-4406

Tel (602) 364-7000

Fax (602) 364-7070

www.bryancave.com

July 25, 2007

**VIA FEDEX OVERNIGHT DELIVERY**

David E. Landau
Wolf Block
1650 Arch Street
22nd Floor
Philadelphia, PA 19103-2097

Re: *Merchant Transaction Systems, Inc. v. Nelcela, Inc., et al.*

Dear Mr. Landau:

Your letter of June 5, 2007 asks why Lexcel would believe that Bancorp, Inc. is using Lexcel's software. The answer is that we understand that: (1) Bancorp is the sponsoring bank for Phoenix Payment Systems, Inc. dba Electronic Payment Exchange ("EPX"); and (2) EPX has used software owned by Lexcel for credit card processing. Thus, although Bancorp may not have used the Lexcel Software directly, we believe that Bancorp may have induced and/or contributed to the infringement of Lexcel's software.

Here is some information for your consideration:

1.     Lexcel, Inc. created its credit card processing software in 1994/1995 pursuant to a contract with Credit Card Services, Ltd. ("CCS"), which vested Lexcel with ownership of the credit card processing software. (Ex. 1)

2.     Lexcel owns five U.S. Copyright Registrations for the credit card processing software it created for CCS. (Ex. 2) As we explained in my initial letter dated May 24, 2007 to your client, a federal jury recently confirmed the validity of those registrations.

3.     In 1995, Alec Dollarhide, EPX's current Director of Technology, worked for CCS. As part of its agreement with CCS, Lexcel provided a copy of the source code for the Lexcel credit card processing software on floppy disks to Alec Dollarhide for delivery to CCS. In September 2004, those floppy disks were in the possession of Mr. Dollarhide and his company, Nelcela, Inc. (Ex. 3)

Chicago

Hong Kong

Irvine

Jefferson City

Kansas City

Kuwait

Los Angeles

New York

Phoenix

Riyadh

Shanghai

St. Louis

United Arab Emirates (Dubai)

Washington, DC

*And Bryan Cave,
A Multinational Partnership,*

London

David E. Landau
July 25, 2007
Page 2

4.      On April 24, 2007, a federal jury unanimously determined that the Nelcela Merchant System and the Nelcela Authorization System credit card processing software were derived from the Lexcel credit card processing software such that Lexcel is the owner of the so-called Nelcela software.  (See Verdict Form attached to my original letter of May 24, 2007)

5.      Nelcela averred in a lawsuit against EPX's predecessor, InterCept, Inc. et al., that Nelcela licensed the so-called Nelcela software to EPX.  (See Ex. 4, ¶ 14)

6.      Raymond Moyer, EPX's CEO, testified in his deposition that Alec Mr. Dollarhide and Nelcela worked on the creation of EPX's credit card processing software.  (Ex. 5, pp. 19-21)

These paragraphs summarize only some of the evidence we have gathered that indicates that EPX has used, and may still be using, credit card processing software derived without permission from the Lexcel software.  Mr. Dollarhide and Nelcela marketed the software under various names and iterations, so Bancorp cannot simply look for "a product called 'Nelcela Merchant System' and 'Nelcela Authorization System.'"  Although Mr. Dollarhide and Nelcela have claimed to own valid copyrights in the so-called Nelcela software, the recent jury verdict described above proves such claims to be wrong.

We ask you to perform a more detailed investigation than indicated in your letter of June 5, 2007 regarding whether or not Bancorp, as EPX's sponsoring bank, is facilitating the infringement of Lexcel's software because EPX's credit card processing software that performs authorizations, merchant clearing and settlement, internet gateway, switching, etc., likely infringes Lexcel's copyrights.

Expert examination of the source code for the software used by EPX and Bancorp is necessary in order to resolve this issue.  The relevant source code includes the source code used by EPX at any time since 2001 to perform any credit card processing functions such as authorizations, merchant clearing and settlement, internet gateway, switching, etc.  We are willing to have the inspection conducted by an independent analyst, under conditions that preserve any trade secrets Bancorp may have in the software.  Of course, we would prefer to sort this matter out amicably.  With Bancorp's cooperation, we can hopefully resolve this matter with minimal burden to Bancorp and EPX.  If we cannot be assured of Bancorp's cooperation, however, Lexcel is prepared to protect its interests.

Please ensure that Bancorp preserves all materials relating to the source code used by Bancorp and/or EPX and its predecessors, including but not limited to all:  (1) hardware (including hard drives) and software used to process credit card transactions, including any and all versions of electronic and written copies of any computer source code used for the processing of credit card transactions;  (2) electronic and written copies of any and all versions of computer source code or other materials received from Alec Dollarhide, Jac Dollarhide, Anthony Dollarhide, and/or Nelcela; and (3) all notes, e-mails, correspondence, and other documentation related to any of the above categories.

David E. Landau
July 25, 2007
Page 3

Bryan Cave LLP

If I can be of further assistance to Bancorp in its investigation, please give me a call.

Sincerely,

George C. Chen

# EXHIBIT E



George C. Chen
REGISTERED PATENT ATTORNEY
Direct: 602-364-7367
gcchen@bryancave.com

May 24, 2007

**VIA FEDERAL EXPRESS NEXT DAY DELIVERY**

Matt Ornce
11 Westbrite Court
Wilmington, Delaware 19810

Bryan Cave LLP

One Renaissance Square

Two North Central Avenue

Suite 2200

Phoenix, AZ 85004-4406

Tel (602) 364-7000

Fax (602) 364-7070

www.bryancave.com

     Re:    *Merchant Transaction Systems, Inc. v. Nelcela, Inc., et al.*

Dear Mr. Ornce:

Our client, Lexcel, Inc. ("Lexcel"), owns registered copyrights in various components of credit card processing software ("the Lexcel Software"), including: U.S. Copyright Reg. No. TX5-462-976 for Lexcel's Merchant system; U.S. Copyright Reg. No. TX5-509-439 for Lexcel's Database Architecture; U.S. Copyright Reg. No. TX5-462-975 for Lexcel's Authorization-VISA system; U.S. Copyright Reg. No. TX5-462-978 for Lexcel's Authorization/TYSTEDIT.C/TYSEDIT.H system; and U.S. Copyright Reg. No. TX5-462-977 for Lexcel's Card Production system.

As you may know, Lexcel's copyrighted credit card processing software has been the subject of litigation involving Electronic Payment Exchange's Director of Technology, Alec Dollarhide, in the United States District Court for the District of Arizona. On September 30, 2006, United States District Judge Mary H. Murguia ruled that the so-called "Nelcela Merchant System" and "Nelcela Authorization System" (collectively "the Nelcela Software") are substantially similar to the Lexcel software beyond the possibility of random chance and that copying took place between the softwares. Afterwards, the matter proceeded to trial, and on April 25, 2007, a jury unanimously decided that Lexcel is the owner of the software. (A certified copy of the Verdict Form is enclosed.)

Upon information and belief, we understand that Electronic Payment Exchange ("EPX") is currently using the Nelcela Software, which, as explained above, a court has found to be owned by Lexcel. Lexcel has never authorized EPX to use the Lexcel Software or any software derived from the Lexcel software. Accordingly, EPX's use of the Necela Software or any other software derived from the Lexcel software would amount to copyright infringement of the Lexcel Software. *See* 17 U.S.C. §§ 106, 501.

Lexcel demands that EPX **immediately** cease and desist from any and all use of the Nelcela Software, any software derived from the Nelcela Software, and any software

Matt Ornce
May 24, 2007
Page 2

derived from the Lexcel software.  Lexcel further demands full compensation for any
past or present use of the Nelcela Software or any software derived from the Lexcel
software.

Sincerely,

George C. Chen

GCC/da

Enclosure
579731

# EXHIBIT F



George C. Chen
REGISTERED PATENT ATTORNEY
Direct: 602-364-7367
gcchen@bryancave.com

May 24, 2007

**VIA FEDERAL EXPRESS NEXT DAY DELIVERY**

Nancy E. Reilly
8564 Deer Chase Drive
Riverview, FL  33569

Bryan Cave LLP

One Renaissance Square

Two North Central Avenue

Suite 2200

Phoenix, AZ 85004-4406

Tel (602) 364-7000

Fax (602) 364-7070

www.bryancave.com

Chicago

Hong Kong

Irvine

Jefferson City

Kansas City

Kuwait

Los Angeles

New York

Phoenix

Shanghai

St. Louis

Washington, DC

*And Bryan Cave,*
*A Multinational Partnership,*

London

Re:    *Merchant Transaction Systems, Inc. v. Nelcela, Inc., et al.*

Dear Ms. Reilly:

Our client, Lexcel, Inc. ("Lexcel"), owns registered copyrights in various components of credit card processing software ("the Lexcel Software"), including: U.S. Copyright Reg. No. TX5-462-976 for Lexcel's Merchant system; U.S. Copyright Reg. No. TX5-509-439 for Lexcel's Database Architecture; U.S. Copyright Reg. No. TX5-462-975 for Lexcel's Authorization-VISA system; U.S. Copyright Reg. No. TX5-462-978 for Lexcel's Authorization/TYSTEDIT.C/TYSEDIT.H system; and U.S. Copyright Reg. No. TX5-462-977 for Lexcel's Card Production system.

As you may know, Lexcel's copyrighted credit card processing software has been the subject of litigation involving Electronic Payment Exchange's Director of Technology, Alec Dollarhide, in the United States District Court for the District of Arizona.  On September 30, 2006, United States District Judge Mary H. Murguia ruled that the so-called "Nelcela Merchant System" and "Nelcela Authorization System" (collectively "the Nelcela Software") are substantially similar to the Lexcel software beyond the possibility of random chance and that copying took place between the softwares. Afterwards, the matter proceeded to trial, and on April 25, 2007, a jury unanimously decided that Lexcel is the owner of the software.  (A certified copy of the Verdict Form is enclosed.)

Upon information and belief, we understand that Electronic Payment Exchange ("EPX") is currently using the Nelcela Software, which, as explained above, a court has found to be owned by Lexcel.  Lexcel has never authorized EPX to use the Lexcel Software or any software derived from the Lexcel software.  Accordingly, EPX's use of the Necela Software or any other software derived from the Lexcel software would amount to copyright infringement of the Lexcel Software.  *See* 17 U.S.C. §§ 106, 501.

Lexcel demands that EPX **immediately** cease and desist from any and all use of the Nelcela Software, any software derived from the Nelcela Software, and any software

Nancy E. Reilly
May 24, 2007
Page 2

Bryan Cave LLP

derived from the Lexcel software.  Lexcel further demands full compensation for any past or present use of the Nelcela Software or any software derived from the Lexcel software.

Sincerely,

George C. Chen

GCC/da

Enclosure
579735

✎JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

PHOENIX PAYMENT SYSTEMS, INC.
d/b/a ELECTRONIC PAYMENT EXCHANGE

**(b)**  County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
Julia Heaney, MORRIS, NICHOLS, ARSHT & TUNNELL LLP,
1201 North Market Street, P.O. Box 1347,
Wilmington, DE  19899-1347, (302) 658-9200

## DEFENDANTS

LEXCEL, INC.
LEXCEL SOLUTIONS, INC.

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

☐ 2  U.S. Government
       Defendant

☒ 3  Federal Question
       (U.S. Government Not a Party)

☐ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       another district
       (specify)

☐ 6  Multidistrict
       Litigation

☐ 7  Appeal to District
       Judge from
       Magistrate
       Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1125(a)

Brief description of cause: Violations of Lanham Act and Delaware tort law, and declaratory
relief of copyright non-infringement.

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
*September 7, 2006*

SIGNATURE OF ATTORNEY OF RECORD
*Julia Heaney*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. ___0 7 ‑ 5 3 7___

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

_____9/7/07_____                    X _____
(Date forms issued)                    (Signature of Party or their Representative)

X  Clark  Running
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action