IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PHOENIX PAYMENT SYSTEMS, INC. )
d/b/a ELECTRONIC PAYMENT  )
EXCHANGE,        )
            )
      Plaintiff,  )
            )  C.A. No. 07-537-***
   v.        )
            )
LEXCEL, INC. and     )  **DEMAND FOR JURY TRIAL**
LEXCEL SOLUTIONS, INC.,  )
            )
      Defendants. )

## ANSWER AND COUNTERCLAIMS

   Defendants Lexcel, Inc. and Lexcel Solutions, Inc. (collectively, "Lexcel"), by and through undersigned counsel, hereby answer the Complaint filed by plaintiff Phoenix Payment Systems, Inc. ("PPS") d/b/a Electronic Payment Exchange ("EPX") as follows:

   1.  Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and on that basis, deny those allegations.

   2.  Admit the allegations contained in paragraph 2 of the Complaint.

   3.  Admit the allegations contained in paragraph 3 of the Complaint.

   4.  Aver that the allegations contained in paragraph 4 of the Complaint constitute conclusions of law, to which no response is required. Deny the factual allegations, if any, contained in paragraph 4 of the Complaint.

   5.  Aver that the allegations contained in paragraph 5 of the Complaint constitute conclusions of law, to which no response is required.

1

              066720.1001

6.    Aver that the allegations contained in paragraph 6 of the Complaint constitute conclusions of law, to which no response is required.

7.    Admit that Lexcel Solutions, Inc. has at least one customer located in the State of Delaware, and deny the remaining factual allegations contained in paragraph 7 of the Complaint.

8.    Admit that Lexcel, Inc. has sent letters to an individual and an entity regarding the infringement of copyrights owned by Lexcel, Inc., lack knowledge or information sufficient to form a belief as to the truth of the factual allegations regarding the residence of PPS' employees and business partners, and deny the remaining factual allegations contained in paragraph 8 of the Complaint.

9.    Deny the allegations contained in paragraph 9 of the Complaint.

10.    Aver that the allegations contained in paragraph 10 of the Complaint constitute conclusions of law, to which no response is required.

11.    Aver that the allegations contained in paragraph 11 of the Complaint constitute conclusions of law, to which no response is required.

12.    Aver that the allegations contained in paragraph 12 of the Complaint constitute conclusions of law, to which no response is required.

13.    Lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 13 of the Complaint, and on that basis, deny those allegations.

14.    Lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 14 of the Complaint, and on that basis, deny those allegations.

066720.1001

15. Lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 15 of the Complaint, and on that basis, deny those allegations.

16. Lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 16 of the Complaint, and on that basis, deny those allegations.

17. Lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 17 of the Complaint, and on that basis, deny those allegations.

18. Lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 18 of the Complaint, and on that basis, deny those allegations.

19. Lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 19 of the Complaint, and on that basis, deny those allegations.

20. Admit that Lexcel received information regarding a relationship between EPX and Bancorp, and deny the remaining factual allegations contained in paragraph 20 of the Complaint.

21. Admit that Lexcel, Inc. sent a letter on May 17, 2007 to PPS regarding the infringement of copyrights owned by Lexcel, Inc., admit that Lexcel, Inc. sent a letter on July 25, 2007 to Ward Breeze regarding the infringement of copyrights owned by Lexcel, Inc., and deny the remaining factual allegations contained in paragraph 21 of the Complaint.

22.     Deny the allegations contained in paragraph 22 of the Complaint.

23.     Admit that Lexcel, Inc. sent a letter on May 24, 2007 to Bancorp regarding the infringement of copyrights owned by Lexcel, Inc., admit that the letter sent on May 24, 2007 to Bancorp was sent to an address located in the State of Delaware, admit that Lexcel, Inc. sent a letter on July 25, 2007 to David Landau regarding the infringement of copyrights owned by Lexcel, Inc., and deny the remaining factual allegations contained in paragraph 23 of the Complaint.

24.     Deny the allegations contained in paragraph 24 of the Complaint.

25.     Admit that Lexcel, Inc. sent a letter on May 24, 2007 to Matt Ornce regarding the infringement of copyrights owned by Lexcel, Inc., admit that the letter sent on May 24, 2007 to Mr. Ornce was sent to an address located in the State of Delaware, and deny the remaining factual allegations contained in paragraph 25 of the Complaint.

26.     Admit that Lexcel, Inc. sent a letter on May 24, 2007 to Nancy Reilly regarding the infringement of copyrights owned by Lexcel, Inc., and deny the remaining factual allegations contained in paragraph 26 of the Complaint.

27.     Deny the allegations contained in paragraph 27 of the Complaint.

28.     Deny the allegations contained in paragraph 28 of the Complaint.

29.     Deny the allegations contained in paragraph 29 of the Complaint.

30.     Deny the allegations contained in paragraph 30 of the Complaint.

31.     Deny the allegations contained in paragraph 31 of the Complaint.

32.     Deny the allegations contained in paragraph 32 of the Complaint.

4

33.    Admit that Lexcel has not previously sued EPX for copyright infringement, and deny the remaining factual allegations contained in paragraph 33 of the Complaint.

34.    The responses to paragraphs 1 through 33 are repeated and realleged as if set forth herein in full.

35.    Admit the allegations contained in paragraph 35 of the Complaint.

36.    Aver that the allegations contained in the second sentence of paragraph 36 of the Complaint constitute conclusions of law, to which no response is required, and lack knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 36 of the Complaint, and on that basis, deny those allegations.

37.    Deny the allegations contained in paragraph 37 of the Complaint.

38.    Deny the allegations contained in paragraph 38 of the Complaint.

39.    Deny the allegations contained in paragraph 39 of the Complaint.

40.    Deny the allegations contained in paragraph 40 of the Complaint.

41.    Aver that the allegations contained in paragraph 41 of the Complaint constitute conclusions of law, to which no response is required.

42.    Aver that the allegations contained in paragraph 42 of the Complaint constitute conclusions of law, to which no response is required.

43.    The responses to paragraphs 1 through 42 are repeated and realleged as if set forth herein in full.

44.    Admit that Lexcel, Inc. sent a letter to Bancorp regarding the infringement of copyrights owned by Lexcel, Inc., and deny the remaining factual allegations contained paragraph 44 of the Complaint.

45.    Deny the allegations contained in paragraph 45 of the Complaint.

46.    Lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 46 of the Complaint and, on that basis, deny those allegations.

47.    Lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 47 of the Complaint and, on that basis, deny those allegations.

48.    Deny the allegations contained in paragraph 48 of the Complaint.

49.    Deny the allegations contained in paragraph 49 of the Complaint.

50.    Deny the allegations contained in paragraph 50 of the Complaint.

51.    The responses to paragraphs 1 through 50 are repeated and realleged as if set forth herein in full.

52.    Admit that Lexcel, Inc. sent letters to EPX, Bancorp, Ornce and Reilly regarding the infringement of copyrights owned by Lexcel, Inc., and deny the remaining factual allegations contained in paragraph 52 of the Complaint.

53.    Deny the allegations contained in paragraph 53 of the Complaint.

54.    Deny the allegations contained in paragraph 54 of the Complaint.

55.    Deny the allegations contained in paragraph 55 of the Complaint.

56.    Deny the allegations contained in paragraph 56 of the Complaint.

57.    Deny the allegations contained in paragraph 57 of the Complaint.

DB02:6322998.1                                                                    066720.1001

58.    Deny the allegations contained in paragraph 58 of the Complaint.

59.    The responses to paragraphs 1 through 58 are repeated and realleged as if set forth herein in full.

60.    Admit that Lexcel, Inc. sent letters to Bancorp, Ornce and Reilly regarding the infringement of copyrights owned by Lexcel, Inc., and deny the remaining factual allegations contained paragraph 60 of the Complaint.

61.    Deny the allegations contained in paragraph 61 of the Complaint.

62.    Lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 62 of the Complaint and, on that basis, deny those allegations.

63.    Deny the allegations contained in paragraph 63 of the Complaint.

64.    Aver that paragraph 64 of the Complaint contains no factual allegations, and instead, constitutes PPS' prayer for relief and that no response is required.  To the extent paragraph 64 contains any factual allegations, the Lexcel entities deny those allegations contained in paragraph 64 of the Complaint.

65.    Aver that paragraph 65 of the Complaint contains no factual allegations, and instead, constitutes PPS' prayer for relief and that no response is required.  To the extent paragraph 65 contains any factual allegations, the Lexcel entities deny those allegations contained in paragraph 65 of the Complaint.

66.    Aver that paragraph 66 of the Complaint contains no factual allegations, and instead, constitutes PPS' prayer for relief and that no response is required.  To the extent paragraph 66 contains any factual allegations, the Lexcel entities deny those allegations contained in paragraph 66 of the Complaint.

67.    Aver that paragraph 67 of the Complaint contains no factual allegations, and instead, constitutes PPS' prayer for relief and that no response is required. To the extent paragraph 67 contains any factual allegations, the Lexcel entities deny those allegations contained in paragraph 67 of the Complaint.

68.    Aver that paragraph 68 of the Complaint contains no factual allegations, and instead, constitutes PPS' prayer for relief and that no response is required. To the extent paragraph 68 contains any factual allegations, the Lexcel entities deny those allegations contained in paragraph 68 of the Complaint.

69.    Aver that paragraph 69 of the Complaint contains no factual allegations, and instead, constitutes PPS' prayer for relief and that no response is required. To the extent paragraph 69 contains any factual allegations, the Lexcel entities deny those allegations contained in paragraph 69 of the Complaint.

70.    Aver that paragraph 70 of the Complaint contains no factual allegations, and instead, constitutes PPS' prayer for relief and that no response is required. To the extent paragraph 70 contains any factual allegations, the Lexcel entities deny those allegations contained in paragraph 70 of the Complaint.

71.    Aver that paragraph 71 of the Complaint contains no factual allegations, and instead, constitutes PPS' prayer for relief and that no response is required. To the extent paragraph 71 contains any factual allegations, the Lexcel entities deny those allegations contained in paragraph 71 of the Complaint.

72.    Aver that paragraph 72 of the Complaint contains no factual allegations, and instead, constitutes PPS' prayer for relief and that no response is required. To the

8

extent paragraph 72 contains any factual allegations, the Lexcel entities deny those allegations contained in paragraph 72 of the Complaint.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.    To the extent plaintiff's Complaint seeks punitive damages, plaintiff is not entitled to any such damages.  In any event, any such damages are subject to the due process requirement of Articles 1 and 6, and by the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and by other constitutional limitations, including those set forth in State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003) and BMW of North America v. Gore, 517 U.S. 559 (1996).

3.    Plaintiff's damages, if any and none being admitted, were not caused by Lexcel, but by another person or entity, including plaintiff, for whom Lexcel is not responsible, and over which Lexcel exercises no control.

4.    Some or all of PPS' claims are barred by the doctrine of waiver, laches, illegality, estoppel, acquiescence and unclean hands.

5.    PPS failed, in whole or in part, to mitigate its alleged damages.

6.    PPS' damages, if any, were caused by the conduct of PPS or other people or entities unaffiliated with Lexcel.

7.    Lexcel alleges each and every other defense allowed under Rule 8 of the Federal Rule of Civil Procedure, Title 17 of the United States Code, the Lanham Act, Del. Code Ann. Tit. 6, and/or common law that are now or will later be supported by discovery in this matter.

9

## COUNTERCLAIMS

1.      This action is based upon copyright infringement, misappropriation of trade secret, conversion, the declaratory judgments act and seeks injunctive relief.

2.      This Court has exclusive jurisdiction pursuant to 28 U.S.C. § 1331, § 1338(a), § 1338(b), and § 2201, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Counterclaimant Lexcel, Inc. is an Arizona corporation with its principal place of business in Scottsdale, Arizona.

4.      Counterdefendant Phoenix Payment Systems, Inc. ("PPS") is a corporation organized under the laws of the State of Delaware with its principal place of business in Wilmington, Delaware.

5.      The software that Lexcel, Inc. has developed includes a fully integrated credit card authorization and transaction system. This software contains proprietary, confidential, and trade secret information.

6.      Lexcel, Inc. holds copyrights on the software it has developed and owns.

7.      On November 30, 2001, Lexcel, Inc. registered its copyright in the computer program entitled "Merchant" (TX5-462-976).

8.      On November 30, 2001, Lexcel, Inc. registered its copyright in the computer program entitled "Authorization/TYSTEDIT.C/TYSEDIT.H" (TX5-462-978).

9.      On November 30, 2001, Lexcel, Inc. registered its copyright in the computer program entitled "Card Production" (TX5-462-977).

10.     On November 30, 2001, Lexcel, Inc. registered its copyright in the computer program entitled "Authorization-Visa" (TX5-462-975).

11.     On December 5, 2001, Lexcel, Inc. registered its copyright on the computer program entitled "Database Architecture" (TX5-509-439).

12.     The copyright registrations for the computer programs identified in paragraphs 7 through 11 of the Counterclaim (the "Computer Programs") are valid and in full effect.

13.     Lexcel, Inc. created the Computer Programs after "the effective date of the Berne Convention Implementation Act of 1988," as that term is used in 17 U.S.C. § 405(b).

14.     Lexcel, Inc. owns the right, title, and interest in, to, and under the copyrights for the Computer Programs.

15.     Lexcel, Inc. owns the software (source code and object code) associated with the Computer Programs.

16.     Counterdefendant has willfully infringed Lexcel, Inc.'s copyrights in the Computer Programs by reproducing, preparing derivative works, and/or distributing the Computer Programs without counterclaimant's authorization.

## COUNT ONE

## COPYRIGHT INFRINGEMENT

17.     Counterclaimant incorporates paragraphs 1 through 16 of the Counterclaim as if fully set forth herein.

18.     Counterdefendant never sought permission from counterclaimant to reproduce, prepare derivative works, or distribute the Computer Programs.

19.     Counterdefendant knew or should have known that it had no right to reproduce, prepare derivative works, or distribute the Computer Programs.

11

066720.1001

20.    Counterdefendant knew or should have known that it did not own the intellectual property rights to the Computer Programs.

21.    Counterdefendant knew or should have known that its reproduction, preparation of derivative works, and/or distribution of the Computer Programs constituted infringement of Lexcel, Inc.'s copyrights pursuant to 17 U.S.C. § 501.

22.    PPS' infringement of Lexcel, Inc.'s copyright in the software "was committed willfully" as that phrase is used in 17 U.S.C. § 504(c)(2).

23.    Pursuant to 17 U.S.C. § 502, counterclaimant is entitled to an injunction against PPS, and anyone acting in concert with PPS, to prohibit the reproduction, preparation of derivative works, and distribution of the Computer Programs, copies of the Computer Programs, and derivative works of any of the foregoing (collectively, "Infringing Items").

24.    Pursuant to 17 U.S.C. § 503(a), counterclaimant is entitled to have the Court impound any Infringing Items during the pendency of this action.

25.    Pursuant to 17 U.S.C. § 503(b), counterclaimant is entitled at the conclusion of this action to have the Court destroy or otherwise dispose of any Infringing Items.

26.    Pursuant to 17 U.S.C. § 504, counterclaimant is entitled to either (a) counterclaimant's actual damages and counterdefendant's additional profits earned by virtue of its infringement of the Computer Programs or (b) statutory damages as provided in 15 U.S.C. § 504(c).

27.    Because PPS' infringement of the Computer Programs was willful, counterdefendant should be assessed statutory damages in the amount of $150,000, pursuant to 17 U.S.C. § 504(c)(2), for each infringement.

28.    Pursuant to 17 U.S.C. § 505, counterclaimant is entitled to its reasonable attorneys' fees and costs incurred in the investigation and prosecution of this action.

**COUNT TWO**

**MISAPPROPRIATION OF TRADE SECRET**

29.    Counterclaimant incorporates paragraphs 1 through 29 of the Counterclaim as if fully set forth herein.

30.    Lexcel, Inc. developed the Computer Programs and is the legal owner of that software.

31.    That software contains confidential and proprietary information and constitutes a trade secret under the Uniform Trade Secret Act, as adopted by Arizona at A.R.S. § 44-401, et seq., and other applicable law.

32.    Lexcel, Inc. has taken reasonable steps to protect the secrecy of its trade secrets and has not publicly disclosed its trade secrets.

33.    The acts of PPS constitute a willful and malicious misappropriation of Lexcel, Inc.'s trade secrets in violation of the Uniform Trade Secrets Act, as adopted by Arizona under A.R.S. § 44-401, et seq., and other applicable law.

34.    Counterclaimant has been damaged by PPS' misappropriation of Lexcel, Inc.'s trade secrets and entitled to actual and exemplary damages under A.R.S. § 44-403 and other applicable law and injunctive relief under A.R.S. § 44-402 and other applicable law.

13

## COUNT THREE

## CONVERSION

35.    Counterclaimant incorporates paragraphs 1 through 35 of the Counterclaim as if fully set forth herein.

36.    Lexcel, Inc. is the rightful owner of the Computer Programs.

37.    PPS has wrongfully claimed ownership and/or taken possession of Lexcel, Inc.'s property without authorization and without compensating counterclaimant.

38.    PPS has converted for its own use and has wrongfully asserted the immediate control over Lexcel, Inc.'s software in denial of and inconsistent counterclaimant's ownership rights.

39.    Counterclaimant is entitled to damages, including compensation for PPS' conversion of Lexcel, Inc.'s software and is entitled to any profits that PPS has derived from the conversion and continued use of Lexcel, Inc.'s copyrighted software.

## **PRAYER FOR RELIEF**

WHEREFORE, counterclaimant Lexcel, Inc. prays for relief against counterdefendant as follows:

A.    For this Court to enter a declaration that Lexcel, Inc. holds registered copyrights for and is the rightful owner of the Computer Programs.

B.    For this Court to preliminarily and permanently enjoin PPS and its respective agents, servants, employees, officers, directors, assigns and all those controlled by PPS and all those acting in concert with PPS from reproducing, preparing derivative works of, distributing, and otherwise using, in any way and without Lexcel, Inc.'s consent, the Computer Programs.

14

C.    For this Court to award Lexcel, Inc. actual and exemplary damages incurred by Lexcel, Inc. as a result of PPS' conversion of counterclaimant's property.

D.    For this Court to order PPS to pay Lexcel, Inc., as punitive damages, a sum equal to three times the amount of counterclaimant's damages, plus interest and cost of this action.

E.    For the Court to order PPS to deliver for impounding and destruction all copies of Lexcel, Inc.'s software and all computer systems that have Lexcel, Inc.'s Computer Programs stored therein.

F.    For this Court to order PPS to account for and pay over to Lexcel, Inc. actual and exemplary damages, including, but not limited to, all gains, profits and advantages derived from the misappropriation of Lexcel, Inc.'s trade secrets.

G.    For this Court to order PPS to pay reasonable attorneys' fees and costs to counterclaimant Lexcel, Inc.

H.    For this Court to find PPS a willful infringer of Lexcel, Inc.'s copyrights.

I.    For this Court to award Lexcel, Inc. either (a) counterclaimant's actual damages and counterdefendant's additional profits earned by virtue of its infringement of the Computer Programs or (b) statutory damages as provided in 15 U.S.C. § 504(c).

DB02:6322998.1                                                                              066720.1001

     J.     That this Court grant Lexcel, Inc. such other and further relief as the Court deems just and proper.

                                                      Respectfully submitted,

                                                      YOUNG CONAWAY STARGATT &
                                                        TAYLOR, LLP

                                                      C. Barr Flinn  (No. 4092)
                                                    Chad S.C. Stover  (No. 4919)
                                                    The Brandywine Building
                                                      1000 West Street, 17th Floor
                                                      Wilmington, DE  19801
                                                      (302) 571-6600
                                                      cstover@ycst.com

OF COUNSEL:                         *Attorneys for Defendants*
                                             *Lexcel, Inc. and Lexcel Solutions, Inc.*

Lawrence G. Scarborough
George C. Chen
Jason K. Reed
Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-7367

Dated: October 24, 2007

                               

## CERTIFICATE OF SERVICE

I, Chad S.C. Stover, Esquire, hereby certify that on October 24, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Julia Heaney
> Morris, Nichols, Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
> jhefiling@mnat.com

I further certify that on October 24, 2007, I caused a copy of the foregoing document to be served on the following counsel in the manner indicated below:

**BY E-MAIL & HAND DELIVERY**

Julia Heaney
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jhefiling@mnat.com


YOUNG CONAWAY STARGATT &
TAYLOR, LLP

C. Barr Flinn  (No. 4092)
Chad S.C. Stover  (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
(302) 571-6600
cstover@ycst.com

*Attorneys for Defendants*
*Lexcel, Inc. and Lexcel Solutions, Inc.*

Dated: October 24, 2007