IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHOENIX PAYMENT SYSTEMS, INC. d/b/a ELECTRONIC PAYMENT EXCHANGE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 07-537 (***) |
| LEXCEL, INC. and LEXCEL SOLUTIONS, INC., | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF
PLAINTIFF PHOENIX PAYMENT SYSTEMS'
<u>MOTION TO DISMISS DEFENDANT LEXCEL'S COUNTERCLAIM</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jheaney@mnat.com
*Attorneys for Plaintiff Phoenix Payment
Systems, Inc. d/b/a Electronic Payment
Exchange*

OF COUNSEL:

David J. Wolfsohn
Steven B. Samuels
Jordan L. Jonas
WOODCOCK WASHBURN LLP
Cira Centre, 12<u>th</u> Floor
2929 Arch Street
Philadelphia, PA 19104
(215) 568-3100

November 16, 2007

## TABLE OF CONTENTS

SUMMARY OF ARGUMENT ........................................................................................ 1

STATEMENT OF FACTS ........................................................................................... 1

ARGUMENT ............................................................................................................... 3

    I.    Count I (Copyright Infringement) Fails to State a Claim and Should Be
        Dismissed ...................................................................................................... 3

    II.    Count II (Misappropriation of Trade Secret) and Count III (Conversion)
        Fail to State a Claim, Are Preempted by the Copyright Act and Should Be
        Dismissed ...................................................................................................... 8

        A.    Law of Preemption ............................................................................ 8

        B.    Count II (Misappropriation of Trade Secret) Fails to State a Claim
            and Is Preempted by the Copyright Act ........................................... 9

        C.    Count III (Conversion) Fails to State a Claim and Is Preempted by
            the Copyright Act ........................................................................... 12

CONCLUSION .......................................................................................................... 14

# TABLE OF AUTHORITIES

**C**ASES

*Adams v. Warner Bros. Pictures Network*,
    No. 05 CV 5211, 2007 U.S. Dist. LEXIS 47448 (E.D.N.Y June 29, 2007) ........................ 5-6

*Arnold v. Society for Savings Bancorp, Inc.*,
    678 A.2d 533 (Del. 1996) ................................................................................................ 12

*Bell Atlantic Corp. v. Twombly*,
    127 S. Ct. 1955 (2007) .............................................................................................. Passim

*Bieg v. Hovnanian Enters., Inc.*,
    No. 98-5528, 1999 U.S. Dist. LEXIS 17387 (E.D. Pa. Nov. 9, 1999) ................................ 11

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*,
    982 F.2d 693 (2d Cir. 1992) ....................................................................................... 8, 11

*Dalton-Ross Homes, Inc. v. Williams*,
    No. 06-1301, 2007 U.S. Dist. LEXIS 64135 (D. Ariz. Aug. 29, 2007) .............................. 13

*Dam Things from Denmark v. Russ Berrie & Co., Inc.*,
    290 F.3d 548 (3d Cir. 2002) ............................................................................................ 4

*Dell, Inc. v. This Old Store, Inc.*,
    No. H-07-0561, 2007 U.S. Dist. LEXIS  47818  (S.D. Tex. July 2, 2007) ........................... 6

*Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*,
    307 F.3d 197 (3d Cir. 2002) ...................................................................................... 9, 11

*Durel Corp. v. Osram Sylvania, Inc.*,
    No. 95-1750, 1998 U.S. Dist. LEXIS 22592 (D. Ariz. Oct. 16, 1998) .................................. 9

*Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*,
    499 U.S. 340 (1991) ......................................................................................................... 4

*Key Consolidated 2000, Inc. v. Troost*,
    432 F. Supp. 2d 484 (M.D. Pa. 2006) ............................................................................. 5-6

*Long v. Quality Computers & Applications, Inc.*,
    860 F. Supp. 191 (M.D. Pa. 1994) .................................................................................. 11

*Peirson v. Clemens, Inc.*,
    No. 03-1145, 2005 U.S. Dist. LEXIS 4587 (D. Del. Mar. 23, 2005) .................................. 13

*Resource Ventures, Inc. v. Resources Mgmt. Int'l, Inc.*,
    42 F. Supp. 2d 423 (D. Del. 1999) .................................................................................. 12

*Therrien v. Martin*,
    No. 3:07-cv-1285, 2007 U.S. Dist. LEXIS 78090 (D. Conn. Oct. 19, 2007) ...................... 5-6

*Third Party Verification, Inc. v. Signaturelink, Inc.*,
    No. 6:06-cv-415, 2007 U.S. Dist. LEXIS 32238 (M.D. Fla. May 2, 2007) ........................ 10

*Unisys Corp. v. Varilease Tech. Group Inc.*,
    No. 98-2251, 1999 U.S. Dist. LEXIS 21959 (D. Ariz. Aug. 9, 1999) ............................ 12-13

*Wall Data Inc. v. L.A. County Sheriff's Dep't*,
    447 F.3d 769 (9th Cir. 2006) ................................................................................. 8

*Webloyalty.com, Inc. v. Consumer Innovations, LLC*,
    388 F. Supp. 2d 435 (D. Del. 2005) ....................................................................... 7

*Wilson v. Mr. Tee's*,
    855 F. Supp. 679 (D.N.J. 1994) ............................................................................ 13

*Wizkids Creations Co. v. SEPTA Transp.*,
    No. 02-3249, 2003 U.S. Dist. LEXIS 3200 (E.D. Pa. Feb. 27, 2003) ................................ 5

## STATUTES AND OTHER AUTHORITIES

17 U.S.C. §§ 101, et seq. ....................................................................................... 5, 8

17 U.S.C. § 106(3) .............................................................................................. 6

17 U.S.C. § 301(a) .............................................................................................. 8

17 U.S.C. § 408(a) .............................................................................................. 10

A.R.S. §44-401 .................................................................................................. 9

A.R.S. § 44-401(1) ............................................................................................. 9

A.R.S. §44-401(4)(b) ........................................................................................... 10

DEL. CODE ANN. Tit. 6, § 2001 ............................................................................... 9

Federal Rule of Civil Procedure 12(b)(6) .................................................................... 1-3

## NATURE AND STATE OF PROCEEDING

Phoenix Payment Systems, Inc. d/b/a Electronic Payment Exchange ("EPX") filed a Complaint against Lexcel, Inc. and Lexcel Solutions, Inc. on September 7, 2007 seeking a declaratory judgment of non-infringement of copyright and asserting claims of unfair competition under the Lanham Act, deceptive trade practices, and business defamation. (D.I. 1). On October 24, 2007, Lexcel, Inc. ("Lexcel") filed its Answer and Counterclaim, which purports to include counts of copyright infringement (Count I), misappropriation of trade secret (Count II), and conversion (Count III). (D.I. 9). EPX has moved to dismiss all counts of Lexcel's Counterclaim pursuant to F.R.C.P. 12(b)(6). This is EPX's Opening Brief in support of that motion.

## SUMMARY OF ARGUMENT

Lexcel's Counterclaim is completely devoid of factual allegations. Moreover, the Counterclaim does not even contain the requisite conclusions for the elements of Lexcel's purported causes of action. Because Lexcel's Counterclaim fails to state a claim, all three counts should be dismissed under F.R.C.P. 12(b)(6). In addition, Lexcel's claims for misappropriation of trade secret and conversion are preempted by the Copyright Act and should be dismissed on that ground as well.

## STATEMENT OF FACTS

In its Counterclaim, Lexcel alleges that it has developed software that "includes a fully integrated credit card authorization and transaction system," and that this "software contains proprietary, confidential, and trade secret information." (*Id.* ¶ 5). Lexcel asserts that it "holds copyrights on the software it has developed and owns," and that in 2001, it registered a copyright in five computer programs, collectively referred to as "Computer Programs." (*Id.* ¶¶ 6-12). Lexcel also alleges that it owns "the right, title, and interest in, to, and under the

copyrights for the Computer Programs," and that it "owns the software (source code and object code) associated with the Computer Programs." (*Id.* ¶¶ 14-15).

When it comes to EPX, however, Lexcel says virtually nothing. Lexcel cannot even say whether it is claiming that EPX reproduced, prepared derivative works, or distributed the "Computer Programs," using "and/or" to avoid any specificity. (*Id.* ¶ 16). Nor does Lexcel allege which action contained in paragraph 16 was supposedly taken with respect to each of the alleged five registered software programs. Despite Lexcel's conclusory allegation that EPX "has willfully infringed Lexcel, Inc.'s copyrights in the Computer Programs by reproducing, preparing derivative works, and/or distributing the Computer Programs without counterclaimant's authorization," (*id.* ¶ 16), it fails to state how that supposedly came about. Lexcel never asserts that EPX ever had access to any of the five "Computer Programs," and never alleges which portions of the code contained in those "Computer Programs" was "reproduced" or "distributed" or used to make derivative works.

Lexcel's copyright infringement count never actually alleges that EPX violated any of the rights of a copyright owner contained in § 106 of the Copyright Act. Instead, Lexcel alleges that EPX "never sought permission from counterclaimant to reproduce, prepare derivative works, or distribute the Computer Programs," (*id.* ¶ 18), allegedly "knew or should have known" "that it had no right to reproduce, prepare derivative works, or distribute the Computer Programs," and "that it did not own the intellectual property rights to the Computer Programs," but never alleges which, if any, of the § 106 rights Lexcel believes EPX has in fact violated. (*Id.* ¶¶ 19-22).

Lexcel's trade secret misappropriation count is just as vague and lacking in facts. Lexcel asserts that its software "contains confidential and proprietary information and constitutes

a trade secret" and that "Lexcel, Inc. has taken reasonable steps to protect the secrecy of its trade secrets and has not publicly disclosed its trade secrets." (*Id.* ¶¶ 31-32).  But Lexcel does not say what it is about the code that might constitute a trade secret, and does not allege what steps were taken allegedly to protect the code's secrecy.  Again, with regard to EPX, Lexcel alleges no facts.  The "acts" of EPX allegedly "constitute willful and malicious misappropriation of Lexcel, Inc.'s trade secrets," (*id.* ¶ 33), but Lexcel does not bother to allege what those acts might be.  Indeed, no "acts" by EPX are alleged at all in the Counterclaim.  In fact, Lexcel does not allege that EPX actually possessed any portions of Lexcel's alleged software, much less allege acts that might constitute "misappropriation."

Similarly, Lexcel's conversion count does not specify what has been "converted" or allege any facts regarding any of the circumstances of such alleged "conversion," but rather conclusorily alleges that EPX "has wrongfully claimed ownership *and/or* taken possession of Lexcel Inc.'s property without authorization and without compensating counterclaimant" and that EPX "has converted for its own use and has wrongfully asserted the immediate control over Lexcel, Inc.'s software in denial of and inconsistent [sic] counterclaimant's ownership rights." (*Id.* ¶¶ 37-38) (emphasis supplied).

<u>ARGUMENT</u>

I.     COUNT I (COPYRIGHT INFRINGEMENT) FAILS TO STATE <u>A CLAIM AND SHOULD BE DISMISSED</u>

Count I of Lexcel's Counterclaim should be dismissed under Federal Rule of Civil Procedure 12(b)(6).  The purpose of a motion filed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is "to test the legal sufficiency of the pleader's claims for relief; therefore the motion admits, for purposes of the motion only, the factual allegations of the pleading, but asserts that those allegations cannot support any claim for relief."  1 Moore's

Federal Rules Pamphlet § 12.4[5][a].  As recently articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007),

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the  "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

127 S. Ct. at 1964-65 (internal citations omitted).  Where a plaintiff has not "nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Id.* at 1974. Requiring the pleading of sufficient factual material to create a plausible entitlement to relief protects both defendants and the court itself:  "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'"  *Id.* at 1966.  As the Court aptly noted, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 1965 n.3.

To establish a claim for copyright infringement, Lexcel must show (1) ownership of a valid copyright and (2) copying of the constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Dam Things from Denmark v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 561 (3d Cir. 2002).  Copying may be established by showing that (1) the alleged infringer had ***access*** to the copyright holder's copyrighted work, and (2) that the alleged infringer's work is substantially similar to the

copyright holder's copyrightable material.  *See Dam Things*, 290 F.3d at 561 (emphasis added).

"Access means that an alleged infringer had a 'reasonable possibility' -- not simply a 'bare

possibility' -- of hearing [or seeing] the prior work; access cannot be based on mere 'speculation

or conjecture.'"  *Adams v. Warner Bros. Pictures Network*, No. 05 CV 5211, 2007 U.S. Dist.

LEXIS 47448, at *9, Copy. L. Rep. (CCH) P29,408 (E.D.N.Y. June 29, 2007) (quoting

*Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003)); *Wizkids Creations Co. v.*

*SEPTA Transp.*, No. 02-3249, 2003 U.S. Dist. LEXIS 3200, at *11 (E.D. Pa. Feb. 27, 2003)

("'Access' merely means a reasonable opportunity to view other works.").  "Absent a wide

dissemination of the infringed work, 'access generally needs to be proved by showing a

particular chain of events or 'link' by which the alleged infringer might have gained access to the

work."  *Adams*, 2007 U.S. Dist. LEXIS 47448, at *9-10 (citations omitted).

To withstand a motion to dismiss, "a complaint based on copyright infringement

must allege: (1) which specific original works are the subject of the copyright claim; (2)

ownership of the copyrights in those works; (3) registration of the works in question with the

Copyright Office in accordance with 17 U.S.C. §§ 101, et seq.; and (4) by what acts the

defendant infringed the copyright."  *Key Consolidated 2000, Inc. v. Troost*, 432 F. Supp. 2d 484,

488 (M.D. Pa. 2006); *Therrien v. Martin*, No. 3:07-cv-1285, 2007 U.S. Dist. LEXIS 78090, at

*10-11 (D. Conn. Oct. 19, 2007).

Lexcel's Counterclaim contains no allegations that EPX had access to Lexcel's

purported copyrighted "Computer Programs."  Lexcel only alleges that EPX "has willfully

infringed Lexcel, Inc.'s copyrights in the Computer Programs by reproducing, preparing

derivative works, ***and/or*** distributing the Computer Programs without counterclaimant's

authorization."  (D.I. 9 ¶ 16) (emphasis supplied).  Even in this one allegation, Lexcel tellingly

uses "reproducing, preparing derivative works, ***and/or*** distributing," signifying that it has no

factual basis for its copyright infringement claim, and cannot even say which of the rights

protected by § 106 of the Copyright Act it believes has been violated.  The Counterclaim

contains no allegations regarding what EPX is allegedly using that allegedly infringed Lexcel's

purported copyrights or how EPX had access to Lexcel's "Computer Programs."  In short, the

Counterclaim contains no factual allegations regarding EPX.  Lexcel's Counterclaim only

contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of

action," and therefore must be dismissed.  *See Twombly*, 127 S. Ct. at 1964-65; *Adams*, 2007

U.S. Dist. LEXIS 47448, at *10 (where plaintiff's complaint contained no allegations that

defendants had access to plaintiff's copyrighted design and defendants argued it had no

opportunity to see plaintiff's design, court held that "on this ground alone, [plaintiff's copyright]

action should be dismissed"); *Dell, Inc. v. This Old Store, Inc.*, No. H-07-0561, 2007 U.S. Dist.

LEXIS 47818 at *8-10 (S.D. Tex. July 2, 2007) (dismissing complaint where plaintiff failed to

provide any factual basis for plaintiff's conclusory allegations); *Therrien*, 2007 U.S. Dist. LEXIS

78090, at *11-12 (dismissing claim for copyright infringement when plaintiff failed to allege

facts showing that the defendants actually copied his work).  *Compare Key Consolidated*, 432 F.

Supp. 2d at 488 (denying motion to dismiss when each element for copyright infringement had

been alleged, including "that Defendant had access to Plaintiff's text").

      Moreover, Lexcel's use of "and/or" is particularly fatal because one of the items

alleged—"distributing"—is not an act of infringement.  Section 106 provides that the copyright

owner has exclusive right to, inter alia, "distribute copies . . . of the copyrighted work *to the*

*public by sale or other transfer of ownership, or by rental, lease, or lending*"; it does not prohibit

"distribution" per se.  17 U.S.C. § 106(3).  Since Lexcel uses "and/or" in its conclusory

allegations of copyright infringement, it is claiming that EPX infringed by doing one of the things alleged.  But one of those—mere "distribution"—is not a right protected by § 106.  On this basis alone, therefore, the copyright infringement claim must be dismissed.

In addition, and apart from the above, Lexcel's claim for willful copyright infringement should be dismissed and stricken.  Lexcel alleges that EPX "has willfully infringed" Lexcel's copyrights, (D.I. 9 ¶ 16), yet Lexcel alleges no facts to support this contention.  "Copyright infringement is willful when the defendant 'actually knew it was infringing the plaintiff's copyrights or recklessly disregarded that possibility.'"  *Webloyalty.com, Inc. v. Consumer Innovations, LLC*, 388 F. Supp. 2d 435, 441 (D. Del. 2005) (citing *Schiffer Publ'g, Ltd. v. Chronicle Books, LLC*, No. CIV.A.03-4962, 2005 U.S. Dist. LEXIS 416, 2005 WL 67077, at *5 (E.D. Pa. Jan. 11, 2005)).  Lexcel's mere conclusions that EPX has "willfully infringed" its purported copyrights and that EPX "knew or should have known" (1) "that it had no right to reproduce, prepare derivative works, or distribute the Computer Programs," (2) "that it did not own the intellectual property rights to the Computer Programs," and (3) "that its reproduction, preparation of derivative works, and/or distribution of the Computer Programs constituted infringement," (D.I. ¶¶ 16, 19-22), is not sufficient to state a claim for willful infringement under the *Twombly* standard.  Moreover, as noted above, mere "distribution" does not constitute infringement.  Thus even if Lexcel had pled facts supporting its willfulness allegations, one cannot willfully infringe without infringing in the first instance.  Since Lexcel alleges no facts to support its allegations of willfulness, and since "distribution" cannot constitute infringement, Lexcel's claim for willful copyright infringement should be dismissed and stricken.

II.    COUNT II (MISAPPROPRIATION OF TRADE SECRET) AND
       COUNT III (CONVERSION) FAIL TO STATE A CLAIM, ARE
       PREEMPTED BY THE COPYRIGHT ACT AND SHOULD BE
       DISMISSED

       A.    Law of Preemption

       In crafting the federal protections afforded to the owner of a copyright, Congress

has been careful to design a statutory framework that "insure[s] that the enforcement of these

rights remains solely within the federal domain . . . ." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*,

982 F.2d 693, 716 (2d Cir. 1992).  Thus, § 301(a) of the Copyright Act expressly preempts

> [a]ll legal or equitable rights that are equivalent to any of the
> exclusive rights within the general scope of copyright as specified
> by section 106 in works of authorship that are fixed in a tangible
> medium of expression and come within the subject matter of
> copyright as specified by sections 102 and 103…

17 U.S.C. § 301(a).  Thus, when nature of the work is within the subject matter of the § 102 or

103 and the rights granted under state law are equivalent to any of the exclusive rights within the

general scope of the § 106, the Copyright Act preempts the state law.[1]  *See id.*

       In order to determine whether the state law right is preempted, the Third Circuit

employs an "extra element" test:

> if a state cause of action requires an extra element, beyond mere
> copying, preparation of derivative works, performance, distribution
> or display, then the state cause of action is qualitatively different
> from, and not subsumed within, a copyright infringement claim
> and federal law will not preempt the state action.

---

[1]    There is no dispute that software or source code is covered by the Copyright Act. 17
       U.S.C. § 101; *see Wall Data Inc. v. L.A. County Sheriff's Dep't*, 447 F.3d 769, 776 (9th
       Cir. 2006) (quoting *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 524-25
       (9th Cir. 1984) ("a computer program is copyrightable as a 'tangible medium of
       expression'")).

*Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 217-18 (3d Cir. 2002) (quoting *Data General Corp. v. Grumman Systems Support Corp.*, 36 F.3d 1147, 1164 (1st Cir. 1994)).

> **B.     Count II (Misappropriation of Trade Secret) Fails to State a**
> **Claim and Is Preempted by the Copyright Act**

Lexcel alleges that EPX has violated the Arizona Uniform Trade Secrets Act.[2] (D.I. 9 ¶ 33).  Under Arizona law, a prima facie case of misappropriation of trade secret requires:

> 1) the plaintiff possessed information, or a technique or process which; 2) derives independent economic value from not being generally known and not readily ascertainable by proper means; 3) the plaintiff used reasonable efforts under the circumstances to maintain its secrecy; 4) a person, as defined under Arizona law, used the secret information of the plaintiff without consent, 5) while knowing or having reason to know that the secret was acquired by improper means.

*Durel Corp. v. Osram Sylvania, Inc.*, No. 95-1750, 52 U.S.P.Q.2d 1418, 1998 U.S. Dist. LEXIS 22592, at *47-48 (D. Ariz. Oct. 16, 1998) (citing ARS § 44-401(2)(a) & (4)(a&b)) (rev'd on other grounds, 256 F.3d 1298 (Fed. Cir. 2001).  The Arizona statute defines "improper means" as including "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy or espionage through electronic or other means."  A.R.S. § 44-401(1).

Lexcel's claim of misappropriation of trade secret fails to state a claim.  Lexcel does not allege any acts of EPX that could somehow constitute "misappropriation."  It does not allege at all how this supposed "misappropriation" came about.  Lexcel does not even conclusorily allege that its purported trade secrets were acquired by improper means, or that EPX

---

[2]     EPX does not concede that Arizona law applies to this case.  This Court need not resolve that issue at this juncture, however, since, for purposes of the present motion, the Arizona Uniform Trade Secrets Act, A.R.S. §44-401, et seq., is sufficiently similar to the Delaware Uniform Trade Secrets Act, DEL. CODE ANN. Tit. 6, § 2001, so that the issues raised herein can be resolved without making any choice-of-law determination.  Under either Arizona or Delaware law, Lexcel's claim of misappropriation of trade secrets fails to state a claim and is preempted by the Copyright Act.

knew or had reason to know that Lexcel's purported trade secrets were acquired by improper means. Furthermore, Lexcel does not even conclusorily allege that its purported trade secrets were acquired by a breach of a duty to maintain. Lexcel only alleges that the "acts" of EPX "constitute a willful and malicious misappropriation of Lexcel, Inc.'s trade secrets…." But Lexcel never says a word about what those "acts" might be, other than incorporating by reference the conclusory allegations that EPX "has willfully infringed Lexcel, Inc.'s copyrights in the Computer Programs by reproducing, preparing derivative works, and/or distributing the Computer Programs without counterclaimant's authorization." (D.I. 9 ¶¶ 16, 33). Like Lexcel's copyright infringement claim, Lexcel's misappropriation of trade secret claim only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," and therefore must be dismissed.[3] *See Twombly*, 127 S. Ct. at 1964-65.

Lexcel's claim of misappropriation of trade secret is also preempted by the Copyright Act. "The legislative history of section 301 states that 'the evolving common law rights of . . . trade secrets . . . would remain unaffected as long as the causes of action contain

---

[3]     Moreover, to be considered a "trade secret," the material must be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." A.R.S. §44-401(4)(b). While Lexcel alleges that it "has taken reasonable steps to protect the secrecy of its trade secrets and has not publicly disclosed its trade secrets," (D.I. 9 ¶ 32), Lexcel also alleges that it registered copyrights in its Computer Programs. (*Id.* ¶¶ 7-12). When a work is registered with the Copyright Office, the author is required to deposit a copy of work registered. 17 U.S.C. § 408(a). Because deposited works are available for inspection by the public, depositing a work with the Copyright Office can waive trade secret protection. *See Third Party Verification, Inc. v. Signaturelink, Inc.*, No. 6:06-cv-415, 2007 U.S. Dist. LEXIS 32238, at *19 (M.D. Fla. May 2, 2007) (rejecting claim of trade secret privilege for source code where copyright holder failed to show it took the proper steps to maintain its trade secret when filing the deposit). When Lexcel registered its copyrights, for a valid registration, it would have been required to submit a deposit of its software source code. 17 U.S.C. §408(a). Lexcel fails to assert that it protected its purported trade secrets when submitting this deposit; therefore, it has not adequately alleged it has made efforts that are reasonable under the circumstances to maintain the secrecy of its software as required by the Uniform Trade Secrets Act.

elements, such as . . . a breach of trust or confidentiality, that are different in kind from copyright infringement.'" *Computer Assocs.*, 982 F.2d at 717 (quoting H.R.Rep. No. 1476, 94th Cong., 2d Sess. 54, *reprinted in* 1976 U.S.C.C.A.N. 5659, 5748). If the trade secret claim is based on a breach of a duty of trust or confidence, there is an extra element to the claim and preemption is avoided. *See Dun & Bradstreet*, 307 F.3d at 218; *Computer Assoc.*, 982 F.2d at 719 ("a state law claim based *solely* upon [defendant's] 'use', by copying, of ADAPTER's non-literal elements could not satisfy the governing 'extra element' test, and would be preempted by *section 301*.") (emphasis in original). "Courts recognize two distinct types of misappropriation of trade secrets: those based upon the use of a plaintiff's work and those based upon the disclosure of material that a defendant has a duty to keep confidential. Typically, claims of the former type are preempted while claims of the latter type are not, because they contain the extra element of violation of a duty." *Long v. Quality Computers & Applications, Inc.*, 860 F. Supp. 191, 197 (M.D. Pa. 1994) (citing *Computer Assoc.*, 982 F.2d at 716-19). Lexcel, however, does not allege that EPX breached a duty of trust or confidence. Lexcel only alleges that EPX's "acts…constitute a willful and malicious misappropriation" of Lexcel's software or Computer Programs. (D.I. 9 ¶¶ 30, 31, 33). Because Lexcel's misappropriation claim is predicated solely on EPX's "acts" of allegedly "reproducing, preparing derivative works, and/or distributing the Computer Programs" without Lexcel's authorization (*id.* ¶ 16), Lexcel's copyright infringement and misappropriation of trade secret claims are functionally equivalent and the misappropriation claim is preempted and should be dismissed. *See Bieg v. Hovnanian Enters., Inc.*, No. 98-5528, 53 U.S.P.Q.2d 1274, Copy L. Rep. (CCH) P27,986, 1999 U.S. Dist. LEXIS 17387, at *15 (E.D. Pa. Nov. 9, 1999) ("Only [trade secret misappropriation] claims predicated on the violation of a distinct duty of trust or confidentiality may avoid preemption."); *Long*, 860 F. Supp. at 197

(holding misappropriation claim was preempted because it effectively charged that defendants reproduced the protected material, "a claim already encompassed in the copyright-infringement claim" and that defendants "merely received and then used the source code.").

> C.    Count III (Conversion) Fails to State a Claim and Is Preempted by the Copyright Act

Under Delaware law,[4] conversion is "the "wrongful exercise of dominion over the property of another, in denial of his right, or inconsistent with it." *Resource Ventures, Inc. v. Resources Mgmt. Int'l, Inc.*, 42 F. Supp. 2d 423, 439 (D. Del. 1999) (citations omitted); *Arnold v. Society for Savings Bancorp, Inc.*, 678 A.2d 533, 536 (Del. 1996). A claim for conversion requires that at the time of the alleged conversion: (a) plaintiff held a property interest in the property, (b) plaintiff had a right to possession of the property, and (c) the defendant converted the property. *Arnold*, 678 A.2d at 536. Under Arizona law, conversion "is wrongfully exercising control over another's property." *Unisys Corp. v. Varilease Tech. Group Inc.*, No. 98-2251, 1999 U.S. Dist. LEXIS 21959, at *7 (D. Ariz. Aug. 9, 1999).

Again, Lexcel fails to state a claim. The Counterclaim only contains conclusions and is devoid of any factual allegations. Lexcel alleges that EPX "has wrongfully claimed ownership and/or taken possession of Lexcel, Inc.'s property without authorization and without compensating counterclaimant" and that EPX "has converted for its own use and has wrongfully asserted the immediate control over Lexcel, Inc.'s software in denial of and inconsistent [sic] counterclaimant's ownership rights." (D.I. 9 ¶¶ 37-38). Lexcel fails to make any allegations regarding how EPX allegedly converted Lexcel's software; it never even alleges that EPX ever had a copy of any portion of the five programs allegedly registered with the Copyright Office.

---

[4]    Lexcel does not specify under which state's law EPX has allegedly committed conversion. Without conceding which state's law applies, for purposes of this motion EPX discusses conversion under both Delaware and Arizona law.

Lexcel's Counterclaim is just a "formulaic recitation of the elements" for conversion, and "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 127 S. Ct. at 1964, 1965 n.3. Lexcel's claim for conversion, therefore, should be dismissed.

Lexcel's claim of conversion is also preempted by the Copyright Act. While conversion of tangible property involves actions different from those proscribed in the Copyright Act, when the conversion is based on copying software, the claim is preempted. *Unisys*, 1999 U.S. Dist. LEXIS 21959, at *7 ("To the extent that [plaintiff] is alleging or attempted to allege that [defendant] converted its designs by copying and distributing [plaintiff's] software, then [defendant] is correct" and the conversion claim is preempted). *Compare Peirson v. Clemens, Inc.*, No. 03-1145, 2005 U.S. Dist. LEXIS 4587, at *7-8 (D. Del. Mar. 23, 2005) (holding conversion claim not preempted when plaintiff alleged that defendant's retention of her original copyrighted architectural drawings constituted conversion). Lexcel has not alleged EPX converted any tangible or physical embodiment of Lexcel's property; the Counterclaim never alleges that EPX ever even had such a tangible or physical embodiment of anything. Lexcel's conversion claim is equivalent to Lexcel's copyright infringement claim and is therefore preempted. *Unisys*, 1999 U.S. Dist. LEXIS 21959, at *7 (holding plaintiff's conversion claim is preempted by the Copyright Act when plaintiff did not allege conversion of tangible property); *Dalton-Ross Homes, Inc. v. Williams*, No. 06-1301, 83 U.S.P.Q.2D (BNA) 1953; Copy. L. Rep. (CCH) P29,424, 2007 U.S. Dist. LEXIS 64135, at *12-13 (D. Ariz. Aug. 29, 2007) (holding conversion claim was preempted by the Copyright Act where conversion claim was premised on the alleged unlawful copying of a plan or its derivatives); *Wilson v. Mr. Tee's*, 855 F. Supp. 679,

685 (D.N.J. 1994) (preempting conversion claim where plaintiff failed to distinguish the underlying factual predicate of the copyright infringement claim with the conversion claim).

<u>CONCLUSION</u>

Under the pleading requirements articulated by the Supreme Court in *Twombly*, factual allegations rather than mere conclusory allegations must be pled to "enter the realm of plausible liability." *Twombly*, 127 S. Ct. at 1966 n.5. Lexcel's Counterclaim fails to meet the pleadings requirements under *Twombly*, and Counts I, II, and III should be dismissed. Additionally, Counts II and III are preempted by the Copyright Act and should be dismissed on preemption grounds as well.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney (#3052)*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jheaney@mnat.com
  *Attorneys for Plaintiff Phoenix Payment*
  *Systems, Inc. d/b/a Electronic Payment*
  *Exchange*

OF COUNSEL:

David J. Wolfsohn
Steven B. Samuels
Jordan L. Jonas
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
(215) 568-3100

November 16, 2007
1317403.2

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2007 I electronically filed the foregoing

with the Clerk of the Court using CM/ECF, which will send notification of such filing to:.

>C. Barr Flinn
>Chad S.C. Stover
>Young Conaway Stargatt & Taylor, LLP

I further certify that I caused to be served copies of the foregoing document on

November 16, 2007 upon the following in the manner indicated:

## BY ELECTRONIC MAIL

>C. Barr Flinn
>Chad S.C. Stover
>Young Conaway Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE  19801

*/s/ Julia Heaney (#3052)*
_____
Julia Heaney (#3052)
jheaney@mnat.com