IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PHOENIX PAYMENT SYSTEMS, INC. )
d/b/a ELECTRONIC PAYMENT )
EXCHANGE, )
　　　　　　　　　　　　　　 )
　　　　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　 )
　　　　v. )　C.A. No. 07-537-***
　　　　　　　　　　　　　　 )
LEXCEL, INC. and )
LEXCEL SOLUTIONS, INC., )
　　　　　　　　　　　　　　 )
　　　　　　　　　　Defendants. )
　　　　　　　　　　　　　　 )

## LEXCEL, INC.'S ANSWERING BRIEF IN OPPOSITION TO PHOENIX PAYMENT SYSTEM, INC.'S MOTION TO DISMISS THE COUNTERCLAIM

YOUNG CONAWAY STARGATT & TAYLOR, LLP
C. Barr Flinn  (No. 4092)
Chad S.C. Stover  (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
(302) 571-6600
bflinn@ycst.com
cstover@ycst.com

*Attorneys for Defendants*
*Lexcel, Inc. and Lexcel Solutions, Inc.*

Of Counsel:

Lawrence G. Scarborough
George C. Chen
Jason K. Reed
BRYAN CAVE LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
(602) 364-7137
lgscarborough @bryancave.com
george.chen@bryancave.com
jason.reed@bryancave.com

Dated: December 17, 2007

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................ i

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT ................................................................................. 1

NATURE AND STAGE OF PROCEEDINGS ............................................................ 1

SUMMARY OF ARGUMENT .................................................................................. 1

STATEMENT OF FACTS ....................................................................................... 2

ARGUMENT .......................................................................................................... 3

    I.    A HEIGHTENED PLEADING STANDARD DOES NOT APPLY TO
        LEXCEL'S COUNTERCLAIMS ......................................................... 3

        A.   The Federal Rules Require Only Notice Pleading ........................ 4

        B.   Lexcel Has Provided Notice Of Its Counterclaims ...................... 5

        C.   Bell Atlantic Does Not Change The Required Pleading Standard   9

    II.   LEXCEL IS SPECIFICALLY AUTHORIZED TO PLEAD
        WILLFULNESS GENERALLY ......................................................... 10

    III.  THE COPYRIGHT ACT DOES NOT PREEMPT LEXCEL'S
        CONVERSION COUNTERCLAIM OR MISAPPROPRIATION
        COUNTERCLAIM TO THE EXTENT OTHER PROPERTY RIGHTS
        ARE IMPLICATED .......................................................................... 11

    IV.  LEXCEL SHOULD BE ALLOWED TO AMEND IF ANY PORTION
        OF THE COUNTERCLAIM IS DISMISSED ..................................... 13

CONCLUSION ....................................................................................................... 14

**TABLE OF AUTHORITIES**

<u>Cases</u>

Agilent Tech., Inc. v. Micromuse, Inc.,
   No. 04-CV-3090, 2004 U.S. Dist. LEXIS 20723 (S.D.N.Y. Oct. 19, 2004) .......... 10

April Prods., Inc. v. Strand Enterprises, Inc.,
   79 F. Supp. 515 (D.C.N.Y. 1948) ........................................................................... 8

Bell Atlantic Corp. v. Twombly,
   127 S. Ct. 1955 (2007).............................................................................3, 9, 10

Bryden v. Davis,
   522 F. Supp. 1168 (E.D. Mo. 1981) ........................................................................ 7

Craft & Associates, Inc. v. College America, Inc.,
   477 F. Supp. 2d 1053 (D.S.D. 2007)........................................................................ 6

DSMC, Inc. v. Convera Corp.,
   273 F. Supp. 2d 14 (D.D.C. 2002) .......................................................................... 7

Erickson v. Pardus,
   127 S. Ct. 2197 (2007).................................................................................. 3, 10

Ferguson Beauregard/Logic Controls v. Mega Systems, LLC,
   350 F.3d 1327 (Fed. Cir. 2003) ............................................................................ 11

Flentye v. Kathrein,
   485 F. Supp. 2d 903 (N.D. Ill. 2007) .................................................................... 10

Home & Nature Inc. v. Sherman Specialty Co.,
   322 F. Supp. 2d 260 (E.D.N.Y. 2004) ................................................................... 6

In re Burlington Coat Factory Sec. Litig.,
   114 F.3d 1410 (3d Cir. 1997)................................................................................. 3

Key Consolidated 2000, Inc. v. Troost,
   432 F. Supp. 2d 484 (M.D. Pa. 2006) .................................................................... 6

Leatherman v Tarrant Cty. Narcotics Intelligence and Coordination Unit,
   507 U.S. 163 (1993)................................................................................................ 4

Maio v. Aetna, Inc.,
   221 F.3d 472 (3d Cir. 2000)................................................................................... 3

DB02:6443183.1                                                                066720.1001

Parker v. State of Delaware Dep't of Public Safety,
    11 F. Supp. 2d 467 (D. Del. 1998) ............................................................... 11

Pinker v. Roche Holdings, Ltd.,
    292 F.3d 361 (3d Cir. 2002) ........................................................................ 3

SL Montevideo Technology, Inc. v. Eaton Aerospace, LLC,
    292 F. Supp. 2d 1173 (D. Minn. 2003) ...................................................... 7

Swierkiewicz v. Sorema N.A.,
    534 U.S. 506 (2002) ..................................................................................... 4

Taylor v. Pathmark Stores, Inc.,
    177 F.3d 180 (3d Cir. 1999) ........................................................................ 13

Thomas v. Independence Tp.,
    463 F.3d 285, 295 (3d Cir. 2006) ............................................................... 8

**Other Authorities**

A.R.S. 44-401(2) ................................................................................................ 7

Fed. R. Civ. P. 8(a) ........................................................................................... 13

Fed. R. Civ. P. 8(a)(2) ...................................................................................... 4

Fed. R. Civ. P. 8(f) ............................................................................................ 13

Fed. R. Civ. P. 9(b) ...................................................................................... 4, 10

Fed. R. Civ. P. 84 .............................................................................................. 4

Fed. R. Civ. P. App. Form 15 .......................................................................... 5

Fed. R. Civ. P. App. Form 19 .......................................................................... 5

17 U.S.C. § 301 ................................................................................................. 11

2 James Wm. Moore et al., Moore's Federal Practice ¶ 8.10 ....................... 13

iii

## PRELIMINARY STATEMENT

Lexcel, Inc. ("Lexcel") has properly alleged the elements for each of its counterclaims against counterdefendant Phoenix Payment Systems, Inc. ("PPS") by providing sufficient notice of the counterclaims for PPS to answer them. Therefore, PPS' motion to dismiss the counterclaims should be denied. In the alternative, Lexcel moves for leave to file amended counterclaims.

## NATURE AND STAGE OF PROCEEDINGS

PPS filed the Complaint seeking, among other things, a declaratory judgment that it did not infringe any copyrights owned by Lexcel and associated with Lexcel's software. (D.I. 1)

Lexcel answered and filed counterclaims asserting its copyrights and other property rights associated with its software. (D.I. 9) PPS filed a motion to dismiss the counterclaims (D.I. 12), and Lexcel now opposes that motion.

## SUMMARY OF ARGUMENT

1.    Lexcel has satisfied the notice pleading standard articulated by the Federal Rules of Civil Procedure. In particular, Lexcel has alleged sufficient facts so that PPS has notice of the basis of Lexcel's counterclaims. Indeed, PPS has substantial information to prepare an answer to Lexcel's counterclaims, particularly when the counterclaims are a mirror image of PPS' Complaint that attached various demand letters illustrating PPS's actions and Lexcel's efforts to protect its property rights in response to those actions.

2.    Because discovery has not begun, Lexcel cannot verify that all of its property and property rights infringed upon or otherwise affected by PPS's actions fall

1

under the Copyright Act. Until the parties verify this issue through discovery, Lexcel's conversion counterclaim and misappropriation counterclaim should not be dismissed.

## STATEMENT OF FACTS

Lexcel filed its compulsory counterclaims seeking to protect the software it developed. Specifically, Lexcel developed software that includes a fully integrated credit card authorization and transaction system. (D.I. 9, ¶ 5) This software contains proprietary, confidential, and trade secret information. (Id.) Lexcel owns the software, owns the source and object code associated with the software, has copyright rights to the software, and has registered its valid copyrights with the Copyright Office. (Id., ¶¶ 6-15)

PPS gained access to Lexcel's software, and without Lexcel's authorization, possessed, used, copied, created derivative works, and/or distributed the software in a manner inconsistent with Lexcel's copyrights and other property rights. (Id., ¶¶ 16, 33, and 38)

Lexcel previously sent letters to PPS detailing PPS's misuse of the software and demanding that PPS stop infringing Lexcel's rights. (Ex. A to Complaint) (D.I. 1) In response, PPS filed the Complaint requesting a declaratory judgment that it did not infringe upon Lexcel's rights. PPS went so far as to attach copies of Lexcel's letters as exhibits to the Complaint. Lexcel subsequently asserted its compulsory counterclaims based on the nature and scope of the Complaint.

PPS now moves to dismiss the counterclaims arguing that Lexcel has not satisfied the liberal notice standard required by the Federal Rules of Civil Procedure. Notably, PPS does not argue that it fails to have actual notice of Lexcel's claim, recognizing that the counterclaims are practically the mirror image of the Complaint that, along with the

2

attached demand letters, detail the infringement and usurpation of Lexcel's rights. Instead, PPS argues that the Supreme Court's decision in <u>Bell Atlantic Corp. v. Twombly</u> somehow requires Lexcel to plead its counterclaims with a heightened specificity. Because <u>Bell Atlantic</u> made no change to the pleading standard, PPS's motion to dismiss should be denied.

**ARGUMENT**

In deciding a motion to dismiss for failure to state a claim, the Court must accept all factual allegations in a complaint or counterclaim as true and take them in the light most favorable to plaintiff. <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (citations omitted); <u>Pinker v. Roche Holdings, Ltd.</u>, 292 F.3d 361, 374 (3d Cir. 2002) (same). The issue is not whether a "plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)). A court may grant a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." <u>Maio v. Aetna, Inc.</u>, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks and citations omitted).

## I.    A HEIGHTENED PLEADING STANDARD DOES NOT APPLY TO LEXCEL'S COUNTERCLAIMS.

Despite PPS' argument to the contrary, the Supreme Court in <u>Bell Atlantic</u> did not modify the liberal pleading standard applicable to this action under the Federal Rules of Civil Procedure. The Court explicitly rejected the application of "any 'heightened' pleading standard" outside the context of allegations of fraud or mistake. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1973 (2007). Instead, the Court confirmed that the

Federal Rules of Civil Procedure require only that Lexcel provide adequate notice of its counterclaims to PPS. Lexcel has satisfied this standard and otherwise complied with the controlling procedural rules, and PPS' motion to dismiss should be denied.

### A.    The Federal Rules Require Only Notice Pleading.

Rule 8(a) requires only that the counterclaims contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 9(b) (a party is not required to plead with particularity unless the circumstances "constitut[e] fraud or mistake"). That statement must "give the defendant fair notice of what the [counterplaintiff's] claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

This pleading standard relies "on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id.; Leatherman v Tarrant Cty. Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) (noting the "liberal system of 'notice pleading' set up by the Federal Rules").

The "simplicity and brevity of the statement which the rules contemplate" is exemplified by the Forms appended to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 84.

For example, Form 19 is a sample complaint for copyright infringement. Relevant to PPS' motion to dismiss, paragraph 6 of Form 19 sets out the extent that infringement must be pleaded:

> 6.    After the copyright was issued, the defendant infringed the copyright by publishing and selling a book entitled _____, which was copied largely from the plaintiff's book. A copy of the defendant's book is attached as Exhibit B.

4

Fed. R. Civ. P. App. Form 19, ¶ 6. Here, as explained in more detail below, Lexcel has identified the software at issue and has also identified PPS' infringing actions. Thus, Lexcel has adequately pleaded its copyright infringement counterclaim in a manner similar to that set forth in Form 19. (D.I. 9, ¶¶ 5-11, 14-16, 18-20)

Moreover, Form 15 is a sample complaint for conversion. The required pleading, in relevant part, is as follows:

> 2.    On *date*, at *place*, the defendant converted to the defendant's own use property owned by the plaintiff. The property converted consists of *describe*

Fed. R. Civ. P. App. Form 15, ¶ 2. Here, as explained in more detail below, Lexcel has identified the relevant property and has also alleged that PPS interfered with Lexcel's property rights, in a manner similar to that set forth in Form 15. (Counterclaim, ¶¶ 5-11, 37-38) (D.I. 9)

At a minimum, Lexcel's counterclaims contain an equal amount of information, if not more, than Forms 15 and 17. Lexcel therefore has provided sufficient notice so that dismissal of its counterclaims is inappropriate.

**B.    Lexcel Has Provided Notice Of Its Counterclaims.**

Lexcel has provided the required notice to PPS. Specifically, Lexcel has asserted three counts against PPS:  copyright infringement, misappropriation of trade secrets; and conversion. (D.I. 9)

For the copyright infringement claim, Lexcel was required to allege:  "(1) which specific original works are the subject of the copyright claim; (2) ownership of the copyrights in those works; (3) registration of the works in question with the Copyright Office in accordance with 17 U.S.C. § 101, et seq.; and (4) by what acts the defendant

infringed the copyright." <u>Key Consolidated 2000, Inc. v. Troost</u>, 432 F. Supp. 2d 484, 488 (M.D. Pa. 2006).

Lexcel satisfied each of these elements—(1) Lexcel identified the original works at issue (D.I. 9, ¶¶ 5-11); (2 & 3) Lexcel owns each of these copyrights and has registered them with the Copyright Office (<u>Id.</u>, ¶¶ 6, 11, 14-15); and (4) Lexcel has alleged that PPS infringed the copyrights by "reproducing, preparing derivative works and/or distributing" works at issue (<u>Id.</u>, ¶¶ 16, 18-20). While PPS argues that Lexcel must allege each instance of infringement, Lexcel is not required to do so under the notice pleading standard at this stage of the lawsuit and without the benefit of discovery. <u>Craft & Associates, Inc. v. College America, Inc.</u>, 477 F. Supp. 2d 1053, 1057 (D.S.D. 2007) (a claim for copyright infringement is not required to be pleaded with specificity); <u>Key Consolidated 2000, Inc.</u>, 432 F. Supp. 2d at 488 (holding that the allegation "that Defendants used, copied and distributed the text without Plaintiff's permission" was sufficient to allege infringement). Having alleged the elements of the claims with facts, Lexcel's copyright counterclaim is properly pleaded, and dismissal would be inappropriate.[1]

---

[1] PPS argues that the use of "and/or" is somehow fatal to Lexcel's counterclaims. The language, however, has been accepted by other courts and effectively precludes PPS from evading the allegation by recharacterizing its use of Lexcel's software. <u>Home & Nature Inc. v. Sherman Specialty Co.</u>, 322 F. Supp. 2d 260, 266 (E.D.N.Y. 2004) (holding that the fourth element of the copyright infringement test is satisfied because the plaintiff states that the defendant has "infringed and continues to infringe 'one or more' of its copyrights by 'importing, causing to be manufactured, selling <u>and/or</u> offering for sale unauthorized tattoo-like jewelry items'") (emphasis added). Moreover, while PPS argues that certain circumstances may exist that justify its distribution of Lexcel's software, PPS' argument is contrary to the express terms of the counterclaims. Lexcel never alleged that PPS lawfully distributed the software. Instead, Lexcel alleged that PPS "willfully infringed Lexcel, Inc.'s copyrights in the Computer Programs by . . . distributing the Computer Programs without counterclaimant's authorization." (D.I. 9, ¶ 16). Accepting

6

A similar analysis applies to Lexcel's conversion counterclaim and misappropriation of trade secret counterclaim. For the conversion counterclaim, Lexcel has specifically identified the property that is the subject of the counterclaim (D.I. 9, ¶¶ 5-11); and alleged that PPS interfered with Lexcel's property rights without due compensation or authorization (Id., ¶¶ 16, 37-38). Such is sufficient to allege a conversion count. Bryden v. Davis, 522 F. Supp. 1168, 1172 (E.D. Mo. 1981) (denying the motion to dismiss by holding that a claim for conversion required only that a party assert "that a person is in possession of the personal property of another") (citations omitted).

As for the misappropriation counterclaim, Lexcel has identified the property at issue (D.I. 9, ¶¶ 5-11); has identified the information as containing proprietary information (Id., ¶ 5); has kept such information confidential (Id., ¶¶ 5, 32); and has alleged that PPS misappropriated the information (Id., ¶¶ 16, 33). Such is sufficient to allege a misappropriation of trade secret counterclaim. A.R.S. § 44-401(2); see also SL Montevideo Technology, Inc. v. Eaton Aerospace, LLC, 292 F. Supp. 2d 1173, 1178 (D. Minn. 2003) (denying a motion to dismiss when plaintiff satisfied the following test under the Minnesota Uniform Trade Secret Act: (1) the information must not be generally known or readily ascertainable, (2) the information must derive independent economic value from secrecy, and (3) the party asserting the misappropriation must have made reasonable efforts to maintain secrecy of the item); DSMC, Inc. v. Convera Corp., 273 F. Supp. 2d 14, 24 (D.D.C. 2002) (denying the motion to dismiss because "there is no

---

these allegations as true for purposes of PPS' motion to dismiss, PPS' argument fails because no justification exists to excuse PPS' alleged distribution of Lexcel's software when that distribution infringes on Lexcel's copyrights.

7

heightened pleading for trade secrets claims: 'plaintiff is not and cannot be expected to plead its trade secrets in detail. Such a public disclosure would amount to an effective surrender of trade secret status.' The usual notice pleading requirements under Rule 8 therefore apply").[2]

In sum, the Federal Rules of Civil Procedure require only that PPS be given fair notice of Lexcel's counterclaims. April Prods., Inc. v. Strand Enterprises, Inc., 79 F. Supp. 515, 516 (S.D.N.Y. 1948) (denying the motion to dismiss the copyright infringement claim because facts were sufficiently "set forth to apprise the defendants of the facts upon which plaintiff bases its claim").

Here, Lexcel has specifically identified: the property at issue; Lexcel's rights that were affected by PPS' acts; and PPS' acts giving rise to Lexcel's claims. Indeed, any argument that PPS does not have sufficient notice is disingenuous. PPS is the original plaintiff in this matter because it filed the Complaint, along with numerous demand letters describing in detail PPS' acts. In its Complaint, PPS requested declaratory judgment that it did not infringe or otherwise interfere with the rights Lexcel seeks to protect in its compulsory counterclaims. By articulating the Complaint, PPS has established its notice of the issues in this litigation, including the counterclaims that mirror the declaratory judgment sought in the Complaint. Thomas v. Independence Tp., 463 F.3d 285, 295 (3d Cir. 2006) ("the notice pleading standard of Rule 8(a) applies in all civil actions, unless otherwise specified in the Federal Rules or statutory law").

---

[2] PPS suggests that no trade secret exists because Lexcel waived the confidentiality of its software when it registered its copyrights. PPS' argument, however, ignores the express allegations of the Counterclaims where Lexcel alleges that the software contains confidential and trade secret information. (D.I. 9, ¶ 5) As such, Lexcel's counterclaims cannot be dismissed under Rule 12(b)(6).

8

Because the parties have notice of all the counterclaims, the scope of this litigation is sufficiently defined, and the parties may proceed with discovery to specifically identify the facts relevant to the counterclaims.

C.    **_Bell Atlantic_ Does Not Change The Required Pleading Standard.**

Although PPS relies on <u>Bell Atlantic</u> to argue that Lexcel must meet a higher pleading standard, <u>Bell Atlantic</u> has limited application in this situation because the policy justifications driving the <u>Bell Atlantic</u> dismissal are not present in this case.  In <u>Bell Atlantic</u>, the Supreme Court addressed whether a class action brought under § 1 of the Sherman Act can survive a motion to dismiss "absent some factual context suggesting agreement" between competitors.  <u>Bell Atlantic</u>, 127 S. Ct. at 1961.  Applying the "general standards" established by years of precedent, the Court held that an alleged antitrust violation should be dismissed in the absence of any factual context plausibly suggesting an antitrust violation.  <u>Id.</u> at 1964-66, 1973.

The Court specified, however, that it was not applying "any 'heightened' pleading standard."  <u>Id.</u> at 1973 n.14.  The Court emphasized that its decision was driven by its concern about "the unusually high cost of discovery in antitrust cases," and the Court desired to "avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence to support a § 1 claim."  <u>Id.</u> at 1967 (internal quotations and citations omitted).  The Court clearly focused on issues such as cost and the scope of discovery that are particularly onerous in antitrust claims and class action litigation, which is a completely different situation from the present lawsuit.  The Court in <u>Bell Atlantic</u> specified that, despite those concerns, it was not tightening or otherwise modifying the Rule 8(a) standards.

9

The Court further clarified the notice pleading standard in <u>Erickson v. Pardus</u>, 127 S. Ct. 2197 (2007). Citing <u>Bell Atlantic</u>, the <u>Erickson</u> Court held that the "liberal pleading standards set forth by Rule 8(a)(2)" require only "a short and plain statement" giving "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson</u>, 127 S. Ct. at 2200 (citation omitted). Lexcel therefore is not required to plead multiple facts to support each element of the counterclaims, and instead, must only give notice of its counterclaims to PPS. <u>Flentye v. Kathrein</u>, 485 F. Supp. 2d 903, 911 (N.D. Ill. 2007) (denying a motion to dismiss and a motion for a more definite statement because if "the pleading meets the requirements of Rule 8 . . . and fairly notifies the opposing party of the nature of the claim, . . . a litigant can fairly be expected to gain more information through interrogatories and other discovery devices"); <u>Agilent Tech.,
Inc. v. Micromuse, Inc.</u>, No. 04-CV-3090, 2004 U.S. Dist. LEXIS 20723, at *8-*9 (S.D.N.Y. Oct. 19, 2004) ("(t)he federal rules require . . . only that the complaint state a claim not that it plead the facts that if true would establish (subject to any defenses) that the claim was valid . . . . All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer"). Lexcel has satisfied this notice standard because PPS has sufficient notice of the facts to answer the counterclaims. PPS's motion should be denied.

## II.     LEXCEL IS SPECIFICALLY AUTHORIZED TO PLEAD WILLFULNESS GENERALLY.

The Federal Rules of Civil Procedure specifically provide that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). Willful violation of Lexcel's property rights, whether applied to Lexcel's copyright infringement counterclaim or misappropriation of trade secret counterclaim, is

10

a condition of mind. Lexcel is not required, at this stage of the litigation, to allege with specificity any of PPS' willful conduct  Ferguson Beauregard/Logic Controls v. Mega Systems, LLC, 350 F.3d 1327, 1343 (Fed. Cir. 2003) ("Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)").

Here, Lexcel's counterclaims assert that PPS infringed Lexcel's copyrights and misappropriated Lexcel's trade secrets with the requisite mental state so as to impose liability. (D.I. 9, ¶¶ 22 & 33 ("PPS' infringement of Lexcel, Inc.'s copyright in the software 'was committed willfully'" and "acts of PPS constitute a willful . . . misappropriation of Lexcel, Inc.'s trade secrets")) Here, the counterclaims make no allegation of fraud or malice. In accordance with controlling law, willfulness may be generally averred at the pleading stage. Dismissal of Lexcel's counterclaims is therefore inappropriate.

## III.    THE COPYRIGHT ACT DOES NOT PREEMPT LEXCEL'S CONVERSION COUNTERCLAIM OR MISAPPROPRIATION COUNTERCLAIM TO THE EXTENT OTHER PROPERTY RIGHTS ARE IMPLICATED.

Lexcel's conversion counterclaim and misappropriation of trade secret counterclaim are preempted only to the extent that the entire portion of Lexcel's works receive copyright protection. 17 U.S.C. § 301 (for the Copyright Act to preempt a state law claim, the underlying work must come within the "subject matter of copyright").[3]

---

[3] To the extent Lexcel is required to identify additional elements to pursue the conversion counterclaim and misappropriation of trade secret counterclaim, the exhibits attached to the Complaint provide such additional elements. (Complaint, Exs. A & B) Parker v. State of Delaware Dep't of Public Safety, 11 F. Supp. 2d 467, 471 (D. Del. 1998) (when ruling on a motion to dismiss for failure to state a claim, a court may evaluate the pleadings, including the facts "alleged in the complaint and its attachments"). For example, relevant to the misappropriation of trade secret counterclaim, Lexcel previously

Here, Lexcel believes that the software at issue is protected by the Copyright Act. There is, however, a clear incentive for PPS to argue that the software either is not protected in its entirety by the Copyright Act or, at a minimum, that portions of the software are not copyrightable. As such, PPS could argue that its use of Lexcel's software is not prohibited by the Copyright Act.[4]

If, arguendo, a portion of the software is somehow denied copyright protection, Lexcel is not precluded from asserting ownership over that portion and the trade secrets contained therein. Nothing precludes Lexcel from protecting the software under alternative theories of law. Any "misappropriation" or "conversion" of Lexcel's property, that is not protected by the Copyright Act, is still actionable.

In any event, if, arguendo, the conversion and misappropriation counterclaims are to be dismissed, they should not be dismissed until after Lexcel has an adequate opportunity to conduct discovery and determine the extent PPS has converted and misappropriated the Lexcel software. If PPS believes that discovery proves Lexcel's

---

delivered the software to Alec Dollarhide (PPS' Director of Technology). Mr. Dollarhide signed a confidentiality agreement with Lexcel, and he was to act as a messenger and deliver the software to a third party. Mr. Dollarhide (through his company, Nelcela, Inc.), however, improperly licensed the software to PPS. As explained in Exs. A and B to the Complaint, Mr. Dollarhide's actions, Nelcela's actions, and Lexcel's software are the subject of on-going litigation in Arizona. In 2007, United States District Judge Mary H. Murguia granted summary judgment that the software licensed to PPS by Mr. Dollarhide was substantially similar to the Lexcel software – beyond the possibility of random chance – and that copying took place between the software of Lexcel and Dollarhide/Nelcela. When PPS licensed and received the software from Mr. Dollarhide, PPS knew or at least should have known that it was doing so in violation of Mr. Dollarhide's confidentiality obligations. The extra element for the misappropriation of trade secrets counterclaim requested by PPS is therefore present in PPS' own Complaint to which PPS has notice. To the extent required by the Court, Lexcel will amend the Counterclaims to repeat these and other facts, which are already included as part of PPS' Complaint.

[4] PPS has not answered Lexcel's Counterclaim, but instead filed a motion to dismiss, which is the subject of this motion.

12

entire claim is governed by the Copyright Act, PPS may file a motion for summary judgment at that time. At this point during the lawsuit, however, Lexcel is entitled to plead in the alternative to ensure that all of its property rights are protected. Fed. R. Civ. P. 8(a) ("Relief in the alternative or of several different types may be demanded"); Taylor v. Pathmark Stores, Inc., 177 F.3d 180, 189 (3d Cir. 1999) ("a plaintiff may plead in the alternative, and our case law finds no difficulty with pairing the two claims in one complaint").

## IV.    LEXCEL SHOULD BE ALLOWED TO AMEND IF ANY PORTION OF THE COUNTERCLAIMS IS DISMISSED.

If, arguendo, the Court should find merit in any of PPS's arguments, Lexcel respectfully requests the Court to allow Lexcel to amend its pleadings in any manner so directed by the Court. 2 James Wm. Moore et al., Moore's Federal Practice ¶ 8.10 ("when pleadings failed to comply with the requirements of Rule 8, . . . pleaders will (usually) be given an opportunity to amend its affected pleading under Rule 15"); Fed. R. Civ. P. 8(f) ("all pleadings shall be so construed to do substantial justice").

13

## V.    CONCLUSION.

For the foregoing reasons, Lexcel respectfully requests that the Court deny PPS's

motion to dismiss.  If the Court grants any portion of PPS's motion, Lexcel respectfully

moves for leave to file amended counterclaims.


YOUNG CONAWAY STARGATT & TAYLOR, LLP

C. Barr Flinn  (No. 4092)
Chad S.C. Stover  (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
(302) 571-6600
bflinn@ycst.com
cstover@ycst.com

*Attorneys for Defendants*
*Lexcel, Inc. and Lexcel Solutions, Inc.*


Of Counsel:

Lawrence G. Scarborough
George C. Chen
Jason K. Reed
BRYAN CAVE LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
(602) 364-7137
lgscarborough @bryancave.com
george.chen@bryancave.com
jason.reed@bryancave.com

Dated: December 17, 2007

DB02:6443183.1                                              066720.1001

## CERTIFICATE OF SERVICE

I, Chad S.C. Stover, Esquire, hereby certify that on December 17, 2007, I caused to

be electronically filed a true and correct copy of the foregoing document with the Clerk of

the Court using CM/ECF, which will send notification that such filing is available for

viewing and downloading to the following counsel of record:

> Julia Heaney
> Morris, Nichols, Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
> jheaney@mnat.com

I further certify that on December 17, 2007, I caused a copy of the foregoing

document to be served by hand delivery and e-mail on the above-listed counsel of record.

> YOUNG CONAWAY STARGATT &
>   TAYLOR, LLP
>
> /s/ *Chad S.C. Stover*
> C. Barr Flinn  (No. 4092)
> Chad S.C. Stover  (No. 4919)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE  19801
> (302) 571-6600
> cstover@ycst.com
>
> *Attorneys for Defendants*
> *Lexcel, Inc. and Lexcel Solutions, Inc.*

Dated: December 17, 2007