IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHOENIX PAYMENT SYSTEMS, INC. d/b/a          )
ELECTRONIC PAYMENT EXCHANGE,                 )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )   C.A. No. 07-537 (***)
                                             )
LEXCEL, INC. and LEXCEL SOLUTIONS,           )
INC.,                                        )
                                             )
            Defendants.                      )

**PROTECTIVE ORDER**

The Court having found that discovery in this case may require the exchange of

confidential business and personal information of parties and non-parties, and having further

determined that a protective order is needed to expedite the flow of discovery material, facilitate

the prompt resolution of disputes over confidentiality, protect material entitled to be kept

confidential, and ensure that protection is afforded only to material so entitled, pursuant to

Federal Rule of Civil Procedure 26(c), the Court hereby orders:

1.      As used herein, "Information" shall mean any information subject to discovery

under the Federal Rules of Civil Procedure, including any documents or tangible things that

contain or embody such information.  "Producing Party" means the person or entity producing

such Information or the person or entity with respect to which any officer, agent, director,

employee, consultant or other representative is producing such Information.  "Inspecting Party"

means the party receiving and reviewing such Information.  The term "discovery" as used herein

shall mean any discovery pursuant to the Federal Rules of Civil Procedure.  The designation of

Information as "Confidential" shall mean that the Information is deemed to constitute a "trade

secret or other confidential research, development, or commercial information" as those terms are used in Federal Rule of Civil Procedure 26(c)(1)(G). The term "Confidential Information" shall mean any Information designated as Confidential under the terms of this Order.

2.     Any Producing Party may designate as Confidential any Information disclosed to any other party by the Producing Party or by any of its present or former officers, directors, agents, employees, consultants or other representatives pursuant to or as a result of discovery in this case. Any named party or any third party may designate as Confidential any Information disclosed by the third party pursuant to or as a result of discovery in this case. Any designation of Information as Confidential shall be made in good faith by the party making the designation, designating materials that are reasonably deemed to be subject to protection as confidential under Federal Rule of Civil Procedure 26(c).

3.     Confidential Information may be additionally designated Attorneys' Eyes Only. The Attorneys' Eyes Only designation is reserved for Confidential Information that constitutes proprietary financial or technical data or commercially sensitive competitive information, including, without limitation, Confidential Information obtained from a nonparty pursuant to a current Nondisclosure Agreement, Confidential Information relating to future products not yet commercially released, strategic plans, source code, customer lists, customer names, license agreements, contracts, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party. Documents designated Attorneys' Eyes Only and information contained therein shall be treated like other Confidential Information hereunder, except that Paragraph 6.A below shall not apply to such documents and information and except that a party's in-house counsel shall not receive any Attorneys' Eyes Only documents or information. Any designation of Information as Attorneys'

Eyes Only shall be made in good faith, designating materials that are reasonably deemed to constitute the materials for which the Attorneys' Eyes Only designation is reserved.

4.      The designation of Information as Confidential shall be made by the Producing Party by placing or affixing a stamp or marking upon each page of the document (in such a manner as will not interfere with the legibility thereof) an appropriate notice such as "CONFIDENTIAL INFORMATION," "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or similar legend, or by any other means or method reasonably designed to place an Inspecting Party upon notice of the Confidential nature of the Information.  Where the Information is in such a form that such a stamp or mark cannot be reasonably placed thereon, then such Information shall be designated Confidential in such a manner as is reasonable under the circumstances.  In the case of depositions or other testimony, any party may request that the transcript be so marked by the court reporter during the examination or upon review of the transcript.  The parties agree that all Information produced by a third party in response to any discovery request and not designated by that third party as Confidential shall be deemed Confidential for 30 days after production provided that such Information shall remain Confidential if a named party or third party designates it as such under this Paragraph.

5.      No person receiving Confidential Information shall disclose any such Confidential Information to anyone, other than the Court, except as may be specifically authorized by this Order.  Further, all persons receiving access to Confidential Information shall employ said Information only to the extent that such Information is necessary, in such person's reasonable judgment, for the prosecution or defense of this case.  Notwithstanding anything to the contrary herein, this Order shall not apply (a) to any Information which is or becomes public, other than as a result of a violation of this Order, (b) to a Producing Party, its attorneys, agents,

representatives and employees, as to any Information of such Producing Party produced by such Producing Party pursuant to or as a result of discovery in this case, or (c) to any Confidential Information of a Producing Party to the extent such Producing Party, in writing, authorizes such Information to be released.

6.      Counsel for any Inspecting Party shall not disclose, make available or communicate such Confidential Information to any other person except that:

A.      Counsel may disclose Confidential Information to an individual party and to the officers and directors of an entity party to this proceeding to whom disclosure is necessary to assist in the preparation for trial of this case or to provide advice or testimony at any stage of this case.

B.      Counsel may disclose Confidential Information to attorneys, paralegals, clerical, accounting and support staff personnel directly and regularly employed by such counsel in connection with this lawsuit, to the extent that such disclosure is necessary, in such counsel's reasonable judgment, for the prosecution or defense of this case.

C.      Counsel may disclose Confidential Information to court reporters, copy services, document database vendors, and trial preparation vendors to the extent that such disclosure is necessary, in such counsel's reasonable judgment, for the prosecution or defense of this case.

D.      Counsel for an Inspecting Party may disclose Confidential Information to experts and consultants for such Inspecting Party, provided, however, that the following procedures and restrictions shall apply:

(i)      no expert or consultant for such Inspecting Party to whom such Confidential Information has been disclosed pursuant to this Paragraph shall use such Confidential Information except for the prosecution or defense of this action.

(ii)      counsel for an Inspecting Party or Parties disclosing such Confidential Information to any person designated in this Paragraph shall, prior to disclosure, obtain a written agreement from any such person to whom disclosure is made to be bound by the terms of this Protective Order in the following terms:

> I hereby acknowledge that information is to be made available to me which has been designated as proprietary or confidential, and that such information is provided to me solely for the purposes of assisting counsel of record or giving testimony in the case styled Phoenix Payment Systems, Inc. v. Lexcel, Inc., Case No. 1:07-cv-537-*** (D. Del.).  I understand that I am prohibited by a Court Order from employing such information for any other purpose and from disseminating such information to any individual who is not equally bound with respect to the use thereof.  I understand that any written confidential information that I receive or which is otherwise in my possession is to remain in my personal custody until such information is no longer needed for the prosecution or defense of such case, whereupon it is to be returned to counsel who provided me with said material.

Counsel for the Inspecting Party must return the written agreement to the Producing Party.

(iii)      A party desiring to disclose Confidential Information to an expert or consultant shall also give prior written notice to the Producing Party, who shall have ten (10) court days after such notice is given to object in writing. The party desiring to disclose Confidential Information to an expert or consultant must provide the following information for each expert or consultant: name, address, curriculum vitae, current employer, current title, employment history for the past four (4) years, a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four (4) years (including an identification of the party that retained the witness in the case(s)), a listing of cases in which the

witness has rendered a written expert report disclosed in the case (including an identification of the party that retained the witness in the case(s)), and the specific categories of documents to be disclosed to the witness. No Confidential Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period.

      (iv)    A party objecting to disclosure of Confidential Information to an expert or consultant shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection. The objecting party's consent to the disclosure of Confidential Information to an expert or consultant shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Confidential Information to the expert or consultant will result in specific business or economic harm to that party.

      (v)    If after consideration of the objection, the party seeking disclosure of the Confidential Information to an expert or consultant refuses to withdraw the expert or consultant, the party seeking disclosure of the Confidential Information may apply to the Court for an order authorizing the disclosure of the Information that is the subject of the objection. The burden of proving that the Confidential Information may be disclosed to experts and consultants for the Inspecting Party shall remain with the party seeking disclosure. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

      (vi)    If the Court has not ruled on the motion within thirty (30) days from the conclusion of the briefing period, the parties agree to file a joint letter to the Court inquiring as to the status of the motion.

6

(vii)    Confidential Information may be revealed to experts and consultants pursuant to this Paragraph hereof only to the extent that such Information is relevant to the subject matter of the opinion or advice sought from such expert or consultant.

(viii)    Confidential Information, including Information designated Attorneys' Eyes Only, may be used in connection with a deposition or other examination of experts that are disclosed in accordance with Federal Rule of Civil Procedure 26(a)(2)(A), provided that the procedures in this Paragraph (6(D)) were followed.

E.    Confidential Information hereof may not be revealed to any person other than those described in Paragraphs 3 and 6(A through E) hereof, except as follows:  If counsel for an Inspecting Party in good faith believes it necessary, in connection with the prosecution or defense of this action, to reveal Confidential Information to any person not described in Paragraphs 6(A through E) hereof, such counsel shall contact counsel for the Producing Party, and counsel for the Inspecting Party and counsel for the Producing Party shall consult in good faith to resolve the matter.  Among other things, counsel shall consider whether (i) additional requirements and procedures regarding such Information, and/or (ii) redacting selected portions of such Information, would afford sufficient protection to the confidentiality of such Information while still permitting such Information to be used as believed necessary by counsel for the Inspecting Party.  Counsel for any party may apply to the Court for relief if any matter arising under this Paragraph cannot be resolved in good faith.  Counsel for an Inspecting Party and counsel for a Producing Party shall further seek in good faith to avoid unnecessary disputes under this Paragraph.

F.    Confidential Information, including, but not limited to, Attorneys' Eyes Only Information, may be used in connection with a deposition or other examination of any

7

person, provided either that the document containing the Confidential Information indicates that the person has previously had access to the Confidential Information or that the parties agree the Confidential Information may be used, and provided that the witness, the court reporter and any other person recording such examination, shall be informed of the contents of this Protective Order prior to the submission to such witness of such Information, and provided that the Inspecting Party or Parties disclosing such Confidential Information obtain a written agreement from any such person to whom disclosure is made to be bound by the terms of this Protective Order in the following terms:

> I hereby acknowledge that information is to be made available to me which has been designated as proprietary or confidential, and that such information is provided to me solely for the purposes of assisting counsel of record or giving testimony in the case styled Phoenix Payment Systems, Inc. v. Lexcel, Inc., Case No. 1:07-cv-537-*** (D. Del.). I understand that I am prohibited by a Court Order from employing such information for any other purpose and from disseminating such information to any individual who is not equally bound with respect to the use thereof. I understand that any written confidential information that I receive or which is otherwise in my possession is to remain in my personal custody until such information is no longer needed for the prosecution or defense of such case, whereupon it is to be returned to counsel who provided me with said material.

Counsel for the Inspecting Party must return the written agreement to the Producing Party.

7.    Transcripts of any deposition or other examination and any exhibits thereto shall be given the protection afforded Confidential Information under this Order for a period of ten (10) business days after a complete copy of the transcript has been provided to the deponent or his or her counsel in order to give the parties and third parties an opportunity to designate information contained in the transcript as Confidential or Attorneys' Eyes Only. Within ten (10) business days after receipt of the complete deposition transcript, counsel for any of the parties or the deponent may designate the portions of the deponent's deposition as Confidential or

Attorneys' Eyes Only by page number and line number. Such determination shall be communicated in writing to all parties. Counsel for any of the parties or for the deponent may also designate portions of the transcript as Confidential or Attorneys' Eyes Only by notice on the record at the deposition.

8.      Nothing contained herein shall prevent the use of any Confidential Information in any pretrial, trial, or other hearing or proceeding in this litigation or in any brief, motion or other paper filed with the Court. Those portions of transcripts, briefs, motions or other papers filed with the Court that reveal Confidential Information shall be placed under seal and filed with the Court in accordance with the Court's CM/ECF Procedures.

9.      Should any Inspecting Party to this proceeding object to the designation of Information as Confidential or Attorneys' Eyes Only, the objecting party may apply to this Court to determine whether or not such classification is valid and the Information entitled to protection; provided, however, that any Information, the designation of which is subject to dispute, shall be treated as Confidential subject to this Order pending further order of the Court. The burden of proving that the Information should not be designated as Confidential or Attorneys' Eyes Only remains with the objecting party. The failure to object to the designation at the time of disclosure shall not be deemed a waiver to object at a later time.

10.     Any party may apply to the Court, on reasonable notice to the other parties, for relief from or modification of any provisions of this Order. Any disputes concerning objections and other matters falling within the scope of, or relating to the interpretation of, this Order shall be submitted for ruling by the Court before which this action is pending. To the extent that hearings on such matters require the disclosure of Confidential Information, all persons not

specifically authorized to review such Information under the provisions hereof shall be excluded from such hearings.

11.     The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control duplication of, access to, and distribution of copies of Confidential Information.  Parties shall not duplicate any document stamped CONFIDENTIAL except for producing working copies and for filing in court under seal.

12.     Within 30 days of the final determination of this action, all documents, transcripts of testimony, answers to interrogatories, or other Confidential Information, and all copies thereof, in the custody of counsel for the respective parties and those to whom such counsel have disclosed such Information shall be delivered by said counsel to counsel for the respective Producing Parties, or at the option and expense of the respective Producing Party, destroyed. The Producing Party may seek the return of Confidential Information filed with the Court in accordance with Local Rule 79.1 and 79.2.

13.     This Order shall forever remain in full force and effect, and shall continue to be binding after this proceeding terminates on all parties, their counsel, their agents, and all persons to whom Confidential Information was disclosed pursuant to this Order.

14.     Nothing in the foregoing provisions regarding confidentiality shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of documents stamped CONFIDENTIAL; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the foregoing provisions.

15.    Review of Confidential Information by counsel, experts, or consultants for the litigation in this action shall not waive the confidentiality of the documents or objections to production.

16.

A.    The inadvertent, unintentional or in camera disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

B.    If a Producing Party realizes that it has inadvertently produced material it considers Confidential without so marking it, the Producing Party may notify the Inspecting Party of the mistake.  Upon receiving such notice, the Reviewing Party will treat such material and the Information contained therein as Confidential hereunder, and shall promptly either so mark such material or shall return the material, uncopied, to the Producing Party, who shall then promptly mark the material as Confidential and again deliver it to the Reviewing Party.

C.    The procedure set forth in sub-paragraph B, above, is in furtherance of and not in limitation of the provisions of sub-paragraph A.  A Producing Party's failure to follow the procedure set forth in sub-paragraph B shall not constitute a waiver of such party's claim of confidentiality as to any material or Information.

17.    Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose an other party's information designated "Confidential," pursuant to this order shall promptly notify that other party of the motion so that the other party may have an opportunity to appear and be heard on whether that

information should be disclosed. If the party seeking to maintain confidentiality does not move for a protective order or take other reasonable steps to prevent production of the Information within the time allowed for production by the subpoena or other request (or within such time as a court may direct or as may be agreed upon between the designating person and the subpoenaing party) and give written notice of such motion or other action to the subpoenaing party and the party to whom the subpoena or other request is directed, the party to whom the subpoena or other request is directed may commence production in response thereto.

18.    Nothing contained in this order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of Confidential Information.

19.    Any provision in the Order may be modified by the Court upon motion by any party.  Nothing in this Order shall prejudice or adversely affect any party's ability to seek and receive a modification of this Order.  The parties specifically reserve the right to request such further Orders with respect to the treatment of Confidential Information at any hearing or trial of this case, as they may deem appropriate.

AGREED TO BY:

MORRIS, NICHOLS, ARSHT & TUNNELL, LLP

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Julia Heaney (#3052)*

*/s/ Chad S.C. Stover (#4919)*

| | |
|---|---|
| Jack B. Blumenfeld (#1014) | C. Barr Flinn (#4092) |
| Julia Heaney (#3052) | Chad S.C. Stover (#4919) |
| 1201 North Market Street | The Brandywine Building |
| P.O. Box 1347 | 1000 West Street, 17th Floor |
| Wilmington, DE  19899 | Wilmington, DE  19801 |
| (302) 658-9200 | (302) 571-6600 |
| jheaney@mnat.com | cstover@ycst.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| *Phoenix Payment Systems, Inc. d/b/a* | *Lexcel, Inc. and Lexcel Solutions, Inc.* |
| *Electronic Payment Exchange* | |

13

SO ORDERED this _____ day of January, 2008

_____

UNITED STATES MAGISTRATE JUDGE

1389915